PEOPLE v BOYKIN

Docket No. 58370. Submitted May 19, 1982, at Detroit.—Decided
     September 23, 1982.

     Naric A. Boykin was bound over for trial in Detroit Recorder's
     Court on a charge of possession with intent to deliver a con-
     trolled substance. The trial court, Robert L. Evans, J., granted
     defendant's motion to quash the information, finding that
     defendant's arrest was illegal and that the evidence which the
     police had seized was inadmissible. The people appeal. *Held:*

     1. When approached by police officers, defendant threw a
     bottle of pills against a building and fled. The action of the
     police in approaching defendant did not constitute a stop of
     defendant since his freedom of movement was not impeded by
     the action of the police, and defendant abandoned the bottle of
     pills prior to its appropriation by the police. The appropriation
     of the bottle cannot be deemed unlawful.

     2. Whether defendant's subsequent arrest was made without
     probable cause is irrelevant since the invalidity of an arrest
     does not deprive a trial court of jurisdiction to try a defendant.

     Reversed and remanded.

1. CRIMINAL LAW — INVALID ARRESTS.

     The invalidity of an arrest does not deprive a court of jurisdiction
     to try a defendant.

2. SEARCHES AND SEIZURES — EVIDENCE — ABANDONMENT.

     Whether a search and seizure occurs depends on a determination
     as to whether a defendant had a justifiable expectation of
     privacy in the thing appropriated; the very notion of abandon-
     ment implies a renunciation of any such expectation; therefore,
     the appropriation of abandoned property cannot be said to
     constitute a search and seizure (US Const, Am IV; Const 1963,
     art 1, § 11).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 340.
[2] 68 Am Jur 2d, Searches and Seizures § 9.

*Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

PER CURIAM. The people appeal as of right an order by Detroit Recorder's Court Judge Robert L. Evans by which the information against defendant was quashed.

Following a preliminary examination held on March 31, 1981, defendant was bound over for trial on a charge of possession of pentazocine with intent to deliver in violation of MCL 333.7401; MSA 14.15(7401). On May 8, 1981, Judge Evans granted defendant's motion to quash the information. He ruled that defendant's arrest was illegal and that the evidence which the police seized was inadmissible.

The evidence indicated that three undercover narcotics officers were investigating a complaint that narcotics were being sold openly on a Detroit street. There had been frequent complaints about drug trafficking in the area. Defendant and two other persons were observed standing on a sidewalk next to an alley. When the officers started to approach the men, defendant threw a bottle he had been holding against a building in the alley. Defendant then fled on foot through the alley. One of the officers retrieved the bottle, while the other two pursued defendant.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The officer who picked up the bottle stated that he had seen similar bottles on numerous previous occasions and that it was of a kind used to carry illegal drugs. He opened the bottle and discovered 19 pills which he believed to be controlled substances. His suspicion was subsequently confirmed following a laboratory analysis.

The other two police officers were able to apprehend defendant approximately one block from where he was first observed. He was returned to the scene where he was formally placed under arrest. The trial judge ruled that at the time defendant was apprehended the police did not have probable cause to arrest him.

We need not determine whether the arrest was legal because it is clear that the evidence was not a fruit of the arrest. The action of the police in approaching defendant did not constitute a stop of defendant since his freedom of movement was not impeded by their actions. Therefore, defendant's action in discarding the bottle constituted an abandonment of that item and the subsequent appropriation of the bottle cannot be deemed unlawful. *People v Williams,* 109 Mich App 768, 770; 312 NW2d 155 (1981); *People v Kirchoff,* 74 Mich App 641, 645-647; 254 NW2d 793 (1977). Whether defendant's subsequent arrest was made without probable cause is irrelevant since the invalidity of an arrest does not deprive the trial court of jurisdiction to try defendant. *People v Burrill,* 391 Mich 124, 133; 214 NW2d 823 (1974).

The above-stated conclusion is in no way altered by a recent decision of another panel of this Court which held that, under the Michigan Constitution, a defendant has standing to challenge the validity of a search and seizure whenever the offense for which he is charged has as an essential element

possession of the seized evidence. *People v Smith,* 118 Mich App 366; 325 NW2d 429 (1981). In the present case, it is clear that defendant is charged with such an offense.

Although *Williams, supra,* and *Kirchoff, supra,* state that a defendant who abandons property lacks standing to contest the validity of the seizure, whether defendant lacks standing to challenge the validity of the police action is, in reality, not at all at issue under such circumstances. Rather, the issue is whether the appropriation of abandoned property may be said to constitute a search and seizure as that phrase is used in US Const, Am IV, or Const 1963, art 1, § 11. Whether a search and seizure occurs depends on a determination as to whether defendant has a justifiable expectation of privacy in the thing appropriated. *Katz v United States,* 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967). The very notion of abandonment implies a renunciation of any such expectation. *United States v Alden,* 576 F2d 772, 777 (CA 8, 1978). This conclusion has been uniformly upheld by the decisions of both the federal courts and the courts of this state. *Abel v United States,* 362 US 217, 241; 80 S Ct 683; 4 L Ed 2d 668 (1960); *Hester v United States,* 265 US 57, 58; 44 S Ct 445; 68 L Ed 898 (1924); *Friedman v United States,* 347 F2d 697, 705-706 (CA 8, 1965); *Williams, supra; Kirchoff, supra; People v Mason,* 22 Mich App 595, 605; 178 NW2d 181 (1970).

Therefore, we are of the opinion that by abandoning the property defendant no longer had a justifiable expectation of privacy with respect thereto and that the subsequent appropriation of that property by the police was not unlawful.

Reversed and remanded.