PEOPLE v WRIGHT

Docket No. 84053. Submitted January 15, 1986, at Detroit. Decided March 20, 1986.

Defendant, Allen Wright, was charged in the Recorder's Court for the City of Detroit with possession of cocaine. Defendant filed a motion to suppress the evidence and dismiss the charges. Following an evidentiary hearing, the trial court, Henry L. Heading, J., granted defendant's motion on the basis that the police lacked probable cause to stop the defendant. The people appeal. *Held:*

1. The facts indicate that the defendant abandoned the property offered in evidence prior to being stopped by the police and, therefore, had no justifiable expectation of privacy concerning it. The evidence was not tainted by any illegality which might have accompanied the police officers' actions.

2. The evidence was not the fruit of the arrest and its appropriation was not unlawful. The abandonment was clearly intended to be, and was, independent of the police conduct.

3. The lower court's order suppressing the evidence was clearly erroneous.

Reversed.

1. APPEAL — EVIDENCE — MOTIONS TO SUPPRESS.

The standard of review applicable to a trial court's ruling on a motion to suppress evidence is whether the ruling was clearly erroneous.

2. CRIMINAL LAW — EVIDENCE — ABANDONED PROPERTY — SEARCHES AND SEIZURES.

A defendant may be determined to have abandoned property sought to be admitted by the prosecution as evidence and therefore to have had no justifiable expectation of privacy concerning the property where the facts in evidence indicate

REFERENCES

Am Jur 2d, Evidence §§ 425-427.

Am Jur 2d, Searches and Seizures §§ 9, 21, 23, 41-45, 58.

Search and seizure—what constitutes abandonment of personal property within rule that search and seizure of abandoned property is not unreasonable—modern cases. 40 ALR4th 381.

that the defendant abandoned the incriminating evidence prior to being stopped by the police; such evidence may be determined not to be the fruit of the subsequent arrest and its appropriation not to be unlawful.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: D. F. Walsh, P.J., and Cynar and N. J. Kaufman,* JJ.

Per Curiam. Defendant was charged with possession of cocaine, MCL 333.7403; MSA 14.15(7403). At the preliminary examination, the magistrate found that the incriminating evidence had been abandoned by the defendant and bound defendant over for trial. Defendant filed a motion to suppress the evidence and dismiss the charges. Following an evidentiary hearing, the trial court granted defendant's motion on the basis that the police lacked probable cause to stop the defendant.

The sole issue raised on appeal is whether the trial court clearly erred in granting defendant's motion. We review the trial court's ruling on the motion to suppress the evidence to determine whether it was clearly erroneous. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983); *People v Clifton Fuqua,* 146 Mich App 250, 257; 379 NW2d 442 (1985).

The arresting officer testified that he was in an unmarked car patrolling the area of Alexandrine and Woodward in the City of Detroit when he

---

* Retired Court of Appeals Judge, sitting on the Court of Appeals by assignment.

observed two men leaving the second floor of the Bon Lynn Motel. The officer had received information that a man was dealing in narcotics from the hotel and he had previously investigated drug-related complaints involving the hotel. In order to keep the men under surveillance, the officer made two u-turns in front of the hotel. Apparently, the defendant saw the car and, after spotting it, he dropped a small white package to the left of the stairwell. While two officers left to stop the suspects, a third officer retrieved the package, which he discovered was a Kool cigarette pack, containing packets of narcotics. Based on these facts, we find that the defendant abandoned the property and, therefore, had no justifiable expectation of privacy concerning it.

In *People v Boykin,* 119 Mich App 763; 327 NW2d 351 (1982), a panel of this Court applied the theory of abandonment to facts analogous to those in the instant case. There, the police were investigating a complaint that drugs were being sold openly on the street. They observed the defendant and two companions standing on a sidewalk in the area. As they approached the three men, the defendant threw a bottle against the wall and ran. One officer retrieved the bottle while the others pursued the defendant. The bottle was found to contain illegal drugs.

On appeal, this Court held that the defendant had abandoned the bottle and that its subsequent appropriation could not be deemed unlawful. The Court further stated that it need not determine the legality of the arrest because the evidence was not the fruit of the arrest. Moreover, the Court noted that, even if the arrest was made without probable cause, the invalidity of the arrest would not deprive the trial court of jurisdiction.

Abandonment is even more conclusively demon-

strated in the present case. Here, the defendant discarded the package while the police remained in the car and before they had made an attempt to stop the defendant. Under these facts, it is clear that defendant abandoned the incriminating evidence prior to the stop and thus the evidence was not tainted by any illegality which might have accompanied the officers' actions. The evidence was not the fruit of the arrest and its appropriation was not unlawful. Accordingly, the lower court's order suppressing the evidence was clearly erroneous.

We recognize that in *People v Shabaz,* 424 Mich 42; 378 NW2d 451 (1985), the Supreme Court rejected an abandonment theory but we believe that the present case is readily distinguishable. In *Shabaz,* the defendant hid a bag containing a revolver while he was being chased by the police. The Court concluded that even if the defendant intended to abandon the bag, his action was not "an independent act sufficient to purge the primary taint of the unlawful seizure." *Id.,* p 67. Unlike in *Shabaz,* the defendant herein discarded the package not as a result of the stop but prior to it. The abandonment was clearly intended to be, and was, independent of the police conduct. The officers' actions did not taint the evidence and its suppression was clearly erroneous.

Reversed.