PEOPLE v CHESTERNUT

Docket No. 87071. Submitted August 27, 1986, at Detroit. Decided
October 17, 1986. Leave to appeal denied, 428 Mich —.

Michael M. Chesternut was charged in Detroit Recorder's Court
with knowingly possessing various illegal drugs. The evidence
was suppressed and the charges dismissed based on a finding
that there had been an illegal search and seizure of defendant,
Samuel C. Gardner, J. The people appealed by leave granted.

The Court of Appeals *held:*

The police officers who arrested defendant chased and appre-
hended him simply because he ran when he spotted their police
car. The police saw the defendant do absolutely nothing illegal
nor did they observe other suspicious activity prior to defen-
dant's running away. Without some specific additional knowl-
edge, the fact that defendant started running was insufficient
to justify the police officers' pursuit and eventual stop of the
defendant. The trial court did not err in suppressing the
evidence and dismissing the charges against defendant.

Affirmed.

Criminal Law — Investigatory Stops — Justification for Stop.

The criteria for a constitutionally valid limited intrusion upon a
citizen's liberty, short of probable cause for arrest, are that the
police must have a particularized suspicion, based on an objec-
tive observation, that the person investigated has been, is, or is
about to be engaged in criminal wrongdoing; flight from the
police alone does not provide the reasonable suspicion neces-
sary to justify such an investigation.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John D. O'Hair,* Prose-

References

Am Jur 2d, Arrest §§ 2, 16, 44 *et seq.*

Am Jur 2d, Searches and Seizures §§ 2-6, 41 *et seq.*

What constitutes probable cause for arrest—Supreme Court cases.
66 L Ed 2d 978.

Law enforcement officer's authority, under Federal Constitution, to
"stop and frisk" person—Supreme Court cases. 32 L Ed 2d 942.

cuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Andrea L. Solak,* Principal Attorney, Appeals, for the people.

*Defenders' Office—Legal Aid and Defender Association of Detroit* (by *David Cripps*), for defendant on appeal.

Before: MacKenzie, P.J., and Bronson and R. A. Benson,* JJ.

Per Curiam. The prosecutor appeals by leave granted from an order granting defendant's motion to suppress the evidence and dismiss the charges. Defendant had been charged with knowingly possessing various illegal drugs. The evidence was suppressed and the charges dismissed based on a finding that there had been an illegal search and seizure of the defendant.

The facts indicate that defendant was standing on a street corner talking with another man when a marked police car appeared at the corner on routine patrol. When the defendant saw the police car he started running and the police gave chase in their patrol car. Detroit police officer Kenneth Peltier testified that they chased the defendant because he ran and they wanted to see where he was going. While pursuing the defendant, the police saw the defendant throw something on the ground, then stop. Upon recovery of the packets thrown down by the defendant, the police determined that they contained suspected drugs and defendant was arrested. The examining magistrate and the trial court suppressed the evidence seized based on *People v Terrell,* 77 Mich App 676; 259 NW2d 187 (1977), finding that because the police

---

* Circuit judge, sitting on the Court of Appeals by assignment.

admittedly had not seen the defendant do anything wrong, it was illegal to pursue him.

Appellate review of a lower court's grant or denial of a motion to suppress evidence is made under the clearly erroneous standard. *People v Burrell,* 417 Mich 439; 339 NW2d 403 (1983). A lower court's finding will be found to be clearly erroneous only where, although there is evidence to support the ruling, the reviewing court is left with a definite and firm conviction that a mistake has been made. *People v United States Currency,* 148 Mich App 326, 329; 383 NW2d 633 (1986). In this case, although we find the result unfortunate, we cannot say that the lower court's ruling was clearly erroneous under the present law or the facts presented.

It is undisputed in this case that when the police decided to pursue the defendant they did not possess probable cause to arrest him, but simply wanted to investigate why he was running. In *People v Terrell, supra,* at 679, this Court held that a police officer's investigatory pursuit of a defendant must be tested by the Fourth Amendment's general proscription against unreasonable searches and seizures. As soon as the officers began their pursuit, defendant's freedom was restricted. Based on *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), the criteria for a constitutionally valid limited intrusion upon a citizen's liberty, short of probable cause for arrest, are that the police must have a particularized suspicion, based on an objective observation, that the person investigated has been, is, or is about to be engaged in criminal wrongdoing. *People v Shabaz,* 424 Mich 42, 59; 378 NW2d 451 (1985). In both *Terrell* and *Shabaz,* the Courts determined that flight from the police alone does not provide

the reasonable suspicion necessary to justify a *Terry*-type investigation.

After reviewing the record in this case we are unable to conclude that the totality of facts known to the officers when they pursued the defendant provided them with a reasonable belief that criminal activity was afoot. The police testified they they pursued the defendant simply because he ran when he spotted their car. Certainly, the fact that defendant ran may have aroused the officers' general suspicion, but without some specific additional knowledge, the fact that defendant ran was insufficient to justify their pursuit and eventual stop of the defendant. *Terrell, supra,* at 680. There was no testimony in this case that the defendant was observed in a high crime area where street drug dealing was common, which, along with the defendant's flight, may have provided the police with the articulable facts which would have warranted an investigatory pursuit. See, e.g., *People v Carter,* 96 Mich App 694, 698-699; 293 NW2d 681 (1980), lv den 410 Mich 872 (1980). Rather, in this case, the police saw the defendant do absolutely nothing illegal nor did they observe other suspicious activity. Since the defendant's divestment of the packets was in direct response to the officers' unjustified seizure, the trial court did not err in suppressing the evidence. *Shabaz, supra,* at 66.

Therefore, based on *Shabaz* and *Terrell,* we reluctantly affirm the ruling of the court below.

Affirmed.