## STATE OF CONNECTICUT *v.* RAMON RODRIGUEZ
### (6066)

BORDEN, O'CONNELL and STOUGHTON, Js.

Argued January 5—decision released June 7, 1988

*A. A. Washton,* with whom was *Peter W. Rotella,* for the appellant (defendant).

*John F. Cocheo,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney for the appellee (state).

STOUGHTON, J. The defendant appeals from a judgment of conviction rendered following a conditional plea

of nolo contendere entered pursuant to General Statutes § 54-95a. We find no error.

On September 29, 1986, four members of the statewide narcotic task force were patrolling an area in New London in which there had been a high incidence of drug activity. As they drove through the area, they came upon a small group of persons on the sidewalk who were drinking from a quart beer bottle in apparent violation of a local ordinance. The driver stopped the car, and one of the officers got out to talk to the persons who were drinking on the public street. As he approached the group, he saw the defendant and another man some ten to twenty feet away. The officer observed that when the defendant and the other man saw him, they ran up an alleyway. The officer followed the two men and he saw the defendant's companion lean down and throw a container under a porch. On the basis of his four years of experience in narcotics investigations, the officer believed that the object contained drugs and he called to the other officers for assistance. He told the defendant to stay where he was, told one of the other officers who had arrived at the scene what had happened, and told him to watch the two men while he crawled under the porch to retrieve what had been thrown there. The alleyway was a closed, narrow area. When the other officer came up to the two men, he instructed them to put their hands on the wall. The other man complied, but the defendant turned away with his fists clenched. The officer could not see what the defendant had in his hands and was concerned for his own safety, having discovered weapons under similar circumstances in the past. He grabbed the defendant's fists and discovered that the defendant was holding a packet containing glassine bags. He tried to seize the packet which he recognized as a common one for carrying narcotics, but the defend-

ant threw it away. He turned the defendant over to another officer and retrieved the packet which contained four glassine bags of white powder and four paper folds of white powder.

The defendant claimed that he had been arrested without a warrant and without probable cause, and that his arrest was tainted by an illegal search and seizure. He claimed that the warrantless seizure of items was done without probable cause and without an articulable reason to suspect criminal activity on his part. The court denied his motions to dismiss the information and to suppress certain evidence. Thereafter, the defendant entered a conditional plea of nolo contendere to a charge of possession of heroin with intent to sell in violation of General Statutes § 21a-277 (a). Judgment of conviction was rendered and this appeal followed.

The defendant claims that the court erred in denying his motion to suppress and to dismiss. He claims that the initial pursuit of the defendant and his companions constituted a "seizure" by the police and was improper because they did not have a reasonable and articulable suspicion to justify the stop.

The defendant claims that when the police began to pursue him and his companion, they lacked a reasonable and articulable basis to conclude that criminal activity was afoot. Thus, the defendant argues, the police lacked the requisite reasonable suspicion which is constitutionally required to justify the stop according to the doctrine enunciated in *Terry* v. *Ohio,* 392 U.S. 1, 16, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). He claims that his subsequent act of throwing the packet was in direct response to the unjustified "seizure," which occurred the moment the police began to pursue him, and thus should have been excluded as the fruit of the officer's illegal action. We disagree.

We know of no Connecticut case, nor has any been cited to us, that holds that merely following another, absent any show of force or authority or direction to halt, constitutes a stop within the meaning of the fourth amendment. The defendant relies heavily on a Michigan case, *People* v. *Shabaz,* 424 Mich. 42, 378 N.W.2d 451 (1985). There, two police officers observed a defendant walking down a dark street at night. When the defendant noticed the plainclothes officers drive by in an unmarked car, he put a paper bag in his vest and walked more quickly. When the officers slowed down, the defendant broke into a run and one of the officers alighted from the car and pursued him. In finding that the contents of the bag ought to be suppressed, the court wrote: "Although defendant divested himself of the bag prior to the officer's actually taking physical hold of him, the pursuit itself by the officers was effectively the seizure of the defendant. . . . Defendant's divestment of the bag was in direct response to his unjustified seizure." Id., 66. The dissent noted that the issue of whether the pursuit in this case constituted a seizure has not yet been authoritatively resolved by any decision of the United States Supreme Court.[1]

In *State* v. *Williamson,* 10 Conn. App. 532, 524 A.2d 655, cert. denied, 204 Conn. 801, 525 A.2d 965 (1987), this court held that the fourth amendment was implicated under the *Terry* standard when an officer identified himself to a defendant who was running away and ordered the defendant to halt. "Were it otherwise, the officer could use the suspicious conduct which he

---

[1] The United States Supreme Court has granted certiorari in another Michigan case involving the same issue. *Michigan* v. *Chesternut,* 157 Mich. App. 181, 403 N.W.2d 74 (1986), cert. granted, U.S. , 108 S. Ct. 1975, 98 L. Ed. 2d 185 (1987). We also note that at least three other states have addressed this issue. See *State* v. *Saia,* 302 So. 2d 869 (La. 1974), cert. denied, 420 U.S. 1008, 95 S. Ct. 1454, 43 L. Ed. 2d 767 (1978) (seizure); *Commonwealth* v. *Thibeau,* 384 Mass. 762, 429 N.E.2d 1009 (1981) (seizure); *State* v. *Sheffield,* 62 N.J. 441, 303 A.2d 68 (1973) (no seizure).

himself induced as evidence that the defendant was acting suspiciously." Id., 540. Even if we accept, arguendo, that under certain circumstances pursuit may constitute a seizure, there is no indication that the action of the police in the present case can properly be characterized as a "pursuit." From the testimony adduced at the hearing, the officer approached a group of people and, in doing so, saw the defendant and his companion approximately ten to twenty feet away in an alley. When the two men noticed the officer, they ran away. The officer elected to follow and to ignore the group that he initially sought to investigate. At this point, the officer gave no indication that he was a law enforcement officer nor did he direct the two men to halt or to stop running. There is no indication that the two men were even aware that the officer was following them when the defendant's companion discarded the container. The short span of time in which the transaction occurred, judging from the testimony of the officers, indicates that the flight and the subsequent behavior of the defendant in discarding the object was essentially contemporaneous and most probably induced by the very presence in the area of the officer, rather than because of any pursuit.

Suspicious, furtive conduct such as flight may create a reasonable suspicion that criminal activity is afoot. *State* v. *Paoletto,* 181 Conn. 172, 182, 434 A.2d 954 (1980). Moreover, the officer was properly allowed to testify that the defendant was in an area noted for a high level of drug activity. The nature of the area in which a stop occurs is a factor to be considered in the evaluation of whether an officer's suspicion was reasonable. *State* v. *Williamson,* supra, 541. The officer acted reasonably in following the defendant. When he observed the defendant's companion toss away a packet of what appeared to be narcotics, he was entirely justified in seizing the defendant. When a police officer

investigating the violation of a city ordinance notices that persons appear startled at his presence and run away, and elects to follow without any show of authority or direction to stop, he has not seized those persons. The officer was justified in following the two men, without accosting them, to determine what was occurring. We decline to speculate on the subjective intentions of the officer who elected to follow the defendant initially. Unless the officer signalled the defendant to stop or impeded his movement in any way, the defendant was not seized. Neither the defendant's fourth amendment rights nor his state constitutional rights were implicated at that point. See *Commonwealth* v. *Groves*, 25 Mass. App. 933, 935, 517 N.E.2d 172 (1978).

There is no error.

In this opinion the other judges concurred.