STATE OF CONNECTICUT *v.* GREGORY OLIVER
(6755)

BORDEN, DALY and O'CONNELL, Js.

Argued October 13—decision released November 22, 1988

*Dennis F. O'Toole,* assistant public defender, for the appellant (defendant).

*Vincent J. Dooley,* deputy assistant state's attorney, with whom, on the brief, was *Christopher L. Morano,* deputy assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a) and possession of a controlled substance in violation of General Statutes § 21a-279 (c). The defendant claims that the trial court erred in denying his motion to suppress evidence obtained in a search and seizure of his person. We find no error.

The following facts are relevant to the disposition of this appeal. A citizen advised a Hartford police officer that two men were selling drugs in front of her apartment building. The officer put the location under surveillance and within the next five to ten minutes observed what appeared to him to be a drug transaction between the defendant and another man. The officer radioed for assistance and, within seconds, a second police officer nearby in a police cruiser turned the corner onto the street in question. At this point, the defendant and the other man suddenly dashed off in opposite directions prompting each police officer to chase one of them on foot. During the chase, the defendant dropped a pouch which was picked up by the pursuing officer. Upon being apprehended, the defendant was arrested and the pouch was opened, revealing a quantity of heroin, cocaine and marihuana. There is no evidence that the police officer commanded the defendant to halt or otherwise indicated that he should stop running, or that the defendant was aware that he was being chased and hence that his freedom was arguably being restricted.

The defendant contends that the seizure of the pouch violated his fourth amendment rights under the United States constitution to be free from unreasonable searches and seizures.[1] It is the defendant's contention that his pursuit and seizure were unlawful because they did not meet the reasonable and articulable suspicion test of *Terry* v. *Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). The defendant argues further that the officer's illegal pursuit precipitated his throwing the pouch to the ground and therefore the pouch was the fruit of unconstitutional governmental activity and hence must be suppressed. We do not agree.

The question thus squarely presented is whether the pursuit of a suspect, without more, constitutes a seizure of the suspect. This question was answered by the United States Supreme Court in *Michigan* v. *Chesternut,* 486 U.S. 567, 108 S. Ct. 1975, 100 L. Ed. 2d 565 (1988), in which the court held that a fleeing defendant's fourth amendment rights are not implicated until the pursuing police officer first signifies a command to halt. *Chesternut* applies a test of whether " 'in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' " Id., 573.

In the present case, the defendant and his companion fled upon seeing a police cruiser turn onto their street. Applying the reasonable person test of *Chesternut,* it cannot be said that a reasonable person would feel that his liberty was restricted in any way simply because he saw a police cruiser driving down the street.

Our own case law brings us to the same result. "We know of no Connecticut case . . . that holds that

---

[1] Although the defendant refers to both the federal and state constitutions, he offers no separate analysis of the Connecticut constitution as a basis for different treatment of the federal and state claims. We therefore decline to undertake such analysis. *State* v. *Bowden,* 15 Conn. App. 539, 543 n.2, 545 A.2d 597, cert. denied, 209 Conn. 810, 548 A.2d 438 (1988).

merely following another, absent any show of force or authority or direction to halt, constitutes a stop within the meaning of the fourth amendment." *State* v. *Rodriguez,* 14 Conn. App. 574, 577, 542 A.2d 342 (1988) (holding that in a chase scenario the fourth amendment was not implicated until the pursuing officer commanded the suspect to halt); see also *State* v. *Williamson,* 10 Conn. App. 532, 540, 524 A.2d 655 (1987). Furthermore, the sudden flight of the defendant justified an inference of guilt on the part of the defendant and warranted further investigative activity, namely pursuit, by the police. *State* v. *Rodriguez,* supra, 578.

We conclude that the officer's pursuit and seizure of the pouch did not violate the defendant's fourth amendment rights. Therefore, the trial court was correct in denying the motion to suppress.

There is no error.

In this opinion the other judges concurred.