PEOPLE v JACKSON

Docket No. 102484. Submitted October 13, 1988, at Detroit. Decided December 21, 1988.

Alfonzo Jackson was charged with carrying a concealed weapon. The charge resulted from a police officer observing defendant throwing a revolver between some garage doors as defendant was running from the police officer. The officer was walking toward defendant to ask defendant to move his illegally parked automobile when defendant started to run and then disposed of the weapon which the officer then retrieved after placing defendant under arrest. Defendant moved to suppress as evidence the weapon seized by the police on the basis that it was the fruit of an unlawful seizure. The Recorder's Court of Detroit, Dominick R. Carnovale, J., granted the motion. The people appealed by leave granted.

The Court of Appeals *held:*

Since a reasonable person would not have found the police action so intimidating as to reasonably believe that he was not free to leave, defendant's throwing away of the weapon constituted an abandonment of the weapon such that defendant cannot now challenge its seizure.

Reversed.

SEARCHES AND SEIZURES — FIREARMS — ABANDONED PROPERTY.

A firearm recovered by the police after an officer observed a defendant throw the firearm on the ground while running away from the officer after the officer approached the defendant concerning the defendant's illegally parked automobile may properly be used as evidence in the trial of defendant on a charge of carrying a concealed weapon, since under such circumstances no reasonable person would have believed that he was not free to leave and thus there was no impermissible

REFERENCES

Am Jur 2d, Searches and Seizures §§ 23, 88; Weapons and Firearms §§ 9-11.

Search and seizure: what constitutes abandonment of personal property within rule that search and seizure of abandoned property is not unreasonable—modern cases. 40 ALR4th 381.

intrusion on defendant's liberty at the time he abandoned the weapon.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

Legal Aid and Defender Association of Detroit (by *Sherry A. McCameron* and *Janet A. Hedin*), for defendant on appeal.

Before: Weaver, P.J., and Maher and C. W. Simon, Jr.* JJ.

Per Curiam. The prosecutor appeals as of right from an order of the Recorder's Court of Detroit suppressing as evidence the firearm which formed the basis for a charge of carrying a concealed weapon on or about defendant's person, MCL 750.227; MSA 28.424. We reverse.

When two Detroit police officers on uniform patrol observed defendant's car parked illegally, one of the officers got out of the police vehicle and walked towards defendant to ask him to move the car. As defendant ran from the officer, who continued walking towards him, defendant reached in front of his body and threw a revolver between some garage doors. The officer then placed defendant under arrest and retrieved the weapon. At defendant's evidentiary hearing, the trial court granted defendant's motion to suppress the evidence and dismissed the case.

The trial court clearly erred in suppressing the evidence. *People v Wright,* 151 Mich App 354, 355;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

390 NW2d 187 (1986). Considering all the circumstances of this case, the police action in following defendant did not amount to a seizure implicating the Fourth Amendment. *Michigan v Chesternut,* 486 US —; 108 S Ct 1975; 100 L Ed 2d 565, 571 (1988), reversing *People v Chesternut,* 157 Mich App 181; 403 NW2d 74 (1986). A reasonable person would not have found the police action here so intimidating as to reasonably believe he was not free to leave. *Id.,* 100 L Ed 2d 572-573. Hence the police were not required to have the particularized suspicion of criminal activity needed for a showing of cause to intrude on defendant's liberty. *People v Shabaz,* 424 Mich 42, 59; 378 NW2d 451 (1985); *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). When defendant threw away the weapon he abandoned it, and may not now challenge its seizure. *Wright, supra; People v Boykin,* 119 Mich App 763, 765; 327 NW2d 351 (1982).

Michigan may not impose a higher standard of reasonableness for searches and seizures outside the curtilage of a dwelling house than the United States Supreme Court has held applicable under the Fourth Amendment. US Const, Am IV; Const 1963, art 1, § 11; *People v Moore,* 391 Mich 426, 435; 216 NW2d 770 (1974). It was clearly error for the trial court to suppress the evidence. *Wright, supra.*

Reversed.