*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMON DE-ANTHONY HILL,

        Defendant-Appellant.

UNPUBLISHED
January 25, 2024

No. 361301
Berrien Circuit Court
LC No. 2021-003198-FH

Before: M. J. KELLY, P.J., and MARKEY and CAMERON, JJ.

PER CURIAM.

Defendant, Jamon Hill, appeals as of right his jury trial convictions for carrying a concealed weapon, MCL 750.227(1), felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

On September 17, 2021, two police officers were on patrol when they observed Hill walking down an alleyway toward their patrol car. Upon seeing the patrol car, Hill lifted his shirt, removed an item from his waistband, and threw it away. Based upon their training and experience, the officers believed that the item that Hill had tossed aside was a firearm. The officers approached Hill and asked him what he had thrown. Hill denied throwing anything. The officers decided to detain Hill in handcuffs while they investigated what he had thrown. Hill cooperated with the officers and nothing illegal was found on his person when he was handcuffed. One of the officers remained with Hill and the other searched the area where he had seen Hill throw the object. The only object that he located was a firearm. After discovering the gun, the officer showed it to Hill. Hill maintained that he had not thrown an object and he denied that it was his gun. Subsequently, the police determined that the firearm was stolen. As a result, they placed Hill under arrest.

Following a jury trial, Hill was convicted of carrying a concealed weapon, felon-in-possession, and felony-firearm. Thereafter, Hill moved for a new trial, contending that his trial lawyer had provided ineffective assistance by failing to move to suppress the firearm. He contended that the firearm should have been suppressed because he had been illegally seized by

the police when he had been placed in handcuffs. In response, the prosecution asserted that a motion to suppress would have been futile because Hill had relinquished any expectation of privacy regarding the firearm when he had abandoned it. After a hearing, the trial court denied Hill's motion for a new trial, finding that a motion to suppress would have been futile because the court would have denied it for lack of merit.

## II. INEFFECTIVE ASSISTANCE

### A. STANDARD OF REVIEW

Hill argues that he is entitled to a new trial because his trial lawyer provided ineffective assistance by not moving to suppress evidence of the firearm. Determining whether a defendant has been denied the effective assistance of his or her lawyer is a "mixed question of fact and constitutional law." *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014) (quotation marks and citation omitted). We review for clear error the trial court's factual findings, and we review de novo its constitutional determinations. *Id*. A finding is clearly erroneous if this Court is "left with a definite and firm conviction that a mistake has been made." *Id*.

### B. ANALYSIS

To prevail on a claim that his or her lawyer provided ineffective assistance, a defendant bears the burden of establishing (1) that the lawyer's performance was deficient, i.e., that it "fell below an objective standard of reasonableness," and (2) that, but for that deficient performance, the defendant was prejudiced. *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). To show prejudice, the defendant must show that, but for his lawyer's "deficient performance, a different result would have been reasonably probable." *Id*. "Effective assistance is strongly presumed, and the defendant bears the heavy burden of proving otherwise." *People v Haynes*, 338 Mich App 392, 429; 980 NW2d 66 (2021) (quotation marks and citation omitted).

Hill argues that the firearm should have been suppressed because he was improperly seized in violation of the Fourth Amendment when the officers placed him in handcuffs. We need not determine whether Hill was improperly seized in violation of the Fourth Amendment, however, because, regardless of whether Hill was lawfully seized, Hill forfeited his right to challenge the discovery of the firearm. Indeed, prior to being seized—or even briefly detained—by the officers, he discarded the firearm. "A person can abandon property and thus entirely deprive himself of the ability to contest a search and seizure of that property." *People v Taylor*, 253 Mich App 399, 406; 655 NW2d 291 (2002) (citation omitted). "The search and seizure of property that has been abandoned is presumptively reasonable, because the owner no longer has an expectation of privacy in the abandoned property." *Id*. (quotation marks and citation omitted). "However, coercive police activity resulting in an abandonment serves to nullify any claim of abandonment." *People v Rice*, 192 Mich App 512, 516; 482 NW2d 192 (1992).

In this case, it is plain that Hill abandoned the firearm prior to the officers detaining him because he removed it from his waistband and threw it away before he was seized. Moreover, Hill has not identified any coercive police activity causing him to abandon the firearm. Rather, the record reflects that he abandoned the firearm merely because he saw police officers in his vicinity. As a result, even if Hill's seizure was unlawful, the discovery of the firearm was not a

fruit of the improper seizure because he abandoned it before he was seized.  See *People v Boykin*, 119 Mich App 763; 327 NW2d 351 (1982) (holding that suppression of a bottle of controlled substances was not warranted because, regardless of whether the defendant was illegally arrested, he had abandoned the bottle by throwing it away prior to his arrest).  Because suppression of the firearm was not warranted, Hill's lawyer was not ineffective for failing to file a motion to suppress. See  *People v Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003) (noting that a trial lawyer is not ineffective for failing to make a meritless motion).

Affirmed.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Thomas C. Cameron