PEOPLE *v.* WARNER.

1. SEARCHES AND SEIZURES—INTOXICATING LIQUORS—AFFIDAVIT FOR SEARCH WARRANT MUST BE SUFFICIENT ON ITS FACE.

In a prosecution for violation of the prohibition law, where evidence was obtained by aid of a search warrant, testimony by affiant that he had knowledge of other facts and circumstances justifying his belief, not stated in the affidavit, offered for the purpose of meeting defendant's contention that the facts stated in the affidavit were insufficient to justify the issuance of the warrant, was not admissible, since the affidavit must be sufficient on its face.

2. SAME—INFORMATION AND BELIEF INSUFFICIENT.

An affidavit for a search warrant, made on information and belief alone, is insufficient.

On complaint or information based on information and belief as basis for issuance of warrant, see notes in 10 L. R. A. (N. S.) 159; 25 L. R. A. (N. S.) 60.

221—Mich.—42.

3. SAME—AFFIDAVIT—SUFFICIENCY.
> Statements by affiant, in an affidavit for a search warrant, that "he has seen persons frequently leaving with packages," and that "he has smelt liquor on the premises," *held*, although meager, sufficient upon which the magistrate might determine probable cause for issuing the warrant. BIRD, J., dissenting.

Exceptions before judgment from Muskegon; Vanderwerp (John), J.    Submitted January 12, 1923. (Docket No. 148.)    Decided March 23, 1923.

Axel Warner was convicted of violating the liquor law.  Affirmed.

*Willard G. Turner, Jr.,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Harry W. Jackson,* Prosecuting Attorney, and *R. Glen Dunn,* Assistant Prosecuting Attorney, for the people.

CLARK, J.  Defendant seeks to set aside his conviction for violating the prohibition law on the ground, principally, that his motion to quash, and to suppress the evidence which had been obtained by a search warrant, should have been granted.  He contends that the affidavit on which the magistrate determined probable cause for issuing the search warrant contained no statement of facts and circumstances within the knowledge of the affiant but was a mere recital of affiant's suspicions, beliefs and conclusions, and was therefore wholly insufficient.

The affidavit is in form like that set forth in *People* v. *Effelberg*, 220 Mich. 528.    It recites affiant's conclusion and belief that certain premises, not a drug store, of defendant, not a licensed pharmacist or druggist, etc., are unlawfully occupied as a place of public resort and that intoxicating liquors are being there unlawfully manufactured and possessed, but in

it affiant states of his own knowledge as ground for such belief the following:

"He has seen persons frequently leaving with packages.    *    *    *

"He has smelt liquor on the premises."

An attempt was made at the trial to bolster up the affidavit by testimony of affiant that he had knowledge of other facts and circumstances, justifying his belief, not stated in the affidavit. This cannot be done. The affidavit must be sufficient on its face. *People* v. *Christiansen,* 220 Mich. 506; *People* v. *Knopka,* 220 Mich. 540. It is insufficient if made on information and belief alone. In *People* v. *DeLaMater,* 213 Mich. 167, the following was quoted with approval from Tiffany's Criminal Law (How. 4th Ed.), p. 355:

"The facts and circumstances which induce the complainant's belief must be set forth, and those facts and circumstances must be sufficient to make it appear that there is probable cause for such belief and for making the search.

"And the magistrate must be satisfied and determine from the facts and circumstances set forth and sworn to, that there is reasonable cause for such belief."

Such facts and circumstances here set forth are meager but we decline to hold that the magistrate might not determine probable cause upon the affidavit containing the quoted statements of affiant made of his own knowledge. See *People* v. *Muszynski,* 220 Mich. 536.

No other question merits discussion.

Conviction affirmed. The cause is remanded.

WIEST, C. J., and FELLOWS, McDONALD, SHARPE, MOORE, and STEERE, JJ., concurred with CLARK, J.

BIRD, J. (*dissenting*). I think the facts stated in the affidavit are insufficient to support the search warrant. The judgment of conviction should be vacated.