PEOPLE v WILLIAMS

Docket No. 51799. Submitted April 13, 1981, at Detroit.—Decided June 22, 1981.

Jesse J. Williams was convicted of attempted possession of heroin, Detroit Recorder's Court, Evelyn K. Cooper, J. He appeals, alleging that the police made an illegal investigatory stop and that their retrieval and subsequent search and seizure of certain abandoned evidence was illegal as not based on probable cause. *Held:*

1. The police observed the defendant abandon the evidence prior to making a true stop, investigatory pursuit, or other intrusion. Neither defendant's movement nor freedom of action were impeded at the moment of observation. Thus, there was no stop.

2. The defendant, by abandoning the evidence, deprived himself of standing to challenge the subsequent search and seizure of the evidence.

Affirmed.

SEARCHES AND SEIZURES — EVIDENCE — ABANDONMENT — INVESTIGA- TORY STOPS.

Abandonment of evidence by a criminal defendant prior to a true stop, investigatory pursuit, or other intrusion by police, where the defendant's movement or freedom of action is not impeded at the moment that he is observed discarding the evidence, does not constitute grounds to challenge the observation as an illegal investigatory stop and deprives the defendant of standing to challenge a subsequent search and seizure of the item abandoned.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baugh-*

REFERENCE FOR POINTS IN HEADNOTE
[1] 68 Am Jur 2d, Searches and Seizures §§ 9, 16.

*man,* Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner,* for defendant on appeal.

Before: R. M. MAHER, P.J., and M. J. KELLY and R. B. BURNS, JJ.

PER CURIAM. Defendant was charged with two counts of possession of a controlled substance, to wit: heroin, MCL 335.341(4)(a); MSA 18.1070(41)(4)(a). A jury trial resulted in a verdict of guilty of attempted possesion of heroin, MCL 750.92; MSA 28.287. Defendant appeals, and we affirm.

Testimony during trial indicated that three police officers observed defendant and another male in the early morning hours of August 29, 1978, in the area of Chene and Illinois Streets, in the City of Detroit. There had been frequent complaints in this area concerning breakings and enterings, drug trafficking, and street robbery. Defendant and the other person were observed standing in front of a closed business establishment. Two of the officers approached defendant. One officer was in plain clothes, and the other was in uniform. As the officers approached defendant they saw him drop a yellow coin envelope onto the ground. Police testimony indicated that this type of envelope is used frequently as a depository of controlled substances. The coin envelope was retrieved by the officers and later was found to contain heroin. Defendant raises two challenges to his conviction.

Defendant first contends that an illegal investigatory stop was made. We disagree. Indeed, on the facts of this case there was no stop at all. Defendant's movement or freedom of action was not impeded at the moment the officers observed him

discarding the coin envelope as they approached. This was not a case wherein the police engaged in an "investigatory pursuit" of a suspect who, having observed the police, started to flee. See *People v Terrell,* 77 Mich App 676; 259 NW2d 187 (1977). Here, defendant abandoned the coin envelope before there was any true stop, "investigatory pursuit", or other form of intrusion.

Defendant next argues that the retrieval and subsequent search of the coin envelope which he abandoned was illegal because the conduct of the police was not supported by probable cause. On the facts of this case, we conclude that defendant does not have standing so to challenge the officers' actions. This Court has held previously that abandonment deprives a defendant of standing to claim that the items in question were improperly seized. See *People v Kirchoff,* 74 Mich App 641; 254 NW2d 793 (1977), *People v Grimmett,* 97 Mich App 212; 293 NW2d 768 (1980).

Affirmed.