PEOPLE v BERNICE JOHNSON

Docket No. 70202. Submitted February 13, 1985, at Detroit.—Decided November 4, 1985. Leave to appeal applied for.

Two Detroit police officers followed Joseph Junior Foster, against whom a valid arrest warrant was outstanding, into a house and arrested him a few feet inside the house. As one officer made the arrest, the other officer secured the immediate area of the hallway they were in. The officer securing the hallway noticed, through an open bedroom door, suspected drugs and drug cutting and packaging paraphernalia in the bedroom. Other police officers arrived and helped secure the premises while a search warrant was being obtained for the house. The search warrant was obtained and the subsequent search resulted in the seizure of a quantity of heroin. Bernice Johnson, who lived in the house, was arrested and charged in Detroit Recorder's Court with possession of heroin with intent to deliver. Defendant moved to suppress the evidence on the ground that the search was illegal. The motion was denied, and defendant was tried, convicted, and sentenced, Vera Massey Jones, J. Defendant appealed. *Held:*

1. An arrest warrant against one person does not justify the search of another person's home. The evidence should have been suppressed. Defendant's conviction must be reversed.

2. Defendant's claim regarding the failure of the prosecution to present a res gestae witness was not preserved for appeal.

Reversed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Searches and Seizures §§ 35 *et seq.*

Modern status of rule as to validity of nonconsenual search and seizure made without warrant after lawful arrest as affected by lapse of time between, or difference in places of, arrest and search. 19 ALR3d 727.

[2] Am Jur 2d, Appeal and error §§ 545 *et seq.*

Am Jur 2d, Indictments and Information §§ 56, 60.

See the annotations in the ALR3d/4th Quick Index under Indictment or Information.

[3] Am Jur 2d, Searches and Seizures §§ 41-45.

See the annotations in the ALR3d/4th Quick Index under Search and Seizure.

V. J. Brennan, P.J., dissented. He would hold that the evidence was properly admitted because the arrest was valid, the securing of the premises was proper, and the search was conducted after a valid search warrant was issued. He would affirm.

### Opinion of the Court

1. Criminal Law — Arrest — Searches and Seizures.

The fact that a person against whom a valid arrest warrant is outstanding may be followed into the home of another person by the police and arrested inside that house does not justify the search of the house without a valid search warrant obtained prior to the police officers' entry into the house.

2. Witnesses — Criminal Law — Res Gestae Witnesses — Preserving Question — Appeal.

A prosecutor has an affirmative duty to indorse all res gestae witnesses on the information and to produce them at trial and, if he does not comply, it is a defendant's responsibility to move for a hearing during trial or for a new trial prior to seeking appellate review; failure to move for a hearing or a new trial will normally preclude consideration of this issue on appeal, unless, absent review, manifest injustice would result.

### Dissent by V. J. Brennan, P.J.

3. Criminal Law — Searches and Seizures.

*The securing of a dwelling, on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of either the dwelling or its contents.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Mark H. Teklinski,* for defendant on appeal.

Before: V. J. Brennan, P.J., and Cynar and J. W. Fitzgerald,* JJ.

---

* Retired Supreme Court Justice, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was convicted of possession of heroin with intent to deliver in violation of MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a) after a bench trial in Detroit Recorder's Court. She was sentenced to from 3-1/2 to 20 years in prison. Defendant appeals her conviction to this Court as of right.

The record indicates that on January 21, 1981, there was a valid arrest warrant outstanding on Joseph Junior Foster. Two Detroit police officers, Joseph Piersante and Henry Scott, saw Foster enter the defendant's residence at 4226 Grayton in the City of Detroit. The officers followed him into the house. Officer Scott entered the premises first and Piersante followed him. Scott arrested Foster a few feet inside the door. Piersante moved past them to secure the immediate area. Five or six feet down the hall he observed drug cutting and packaging paraphernalia in a bedroom to which the door was open. There was also a tray with a glass bottom with white powder on it, a number of coin envelopes, a triple beam scale and measuring spoons. Piersante requested that Scott go and obtain a search warrant for the house. Neither officer had entered the bedroom at that time. Four to six other officers waited with Piersante to secure the premises. Two people, one of whom was the defendant, were found in the house. About 90 minutes later Scott returned with the warrant. At that time the police finally entered the bedroom and the narcotics in question were seized. Officer Scott's testimony corroborated the testimony of Piersante. A third police officer, Wallace Jezewski, testified to substantially the same facts although he said that Scott or Piersante may have entered the bedroom.

A suppression hearing was held on April 13, 1982. Foster and defendant sought to suppress the

evidence obtained from the scene. The motion to suppress was subsequently denied.

Foster and the defendant were tried together. Both of them testified at their trial and confirmed that Foster was arrested a few feet inside of the house. They denied any knowledge of the drugs found in the house. It was stipulated that a number of the exhibits contained heroin.

Defendant claims that the evidence should have been suppressed because it was the subject of an illegal search. The parties do not contest the validity of the arrest warrant or the execution of the arrest warrant at the time the police officers entered the house. The officers had gone to the house on Grayton in order to arrest Foster. Scott and Piersante were the first persons to arrive at the house and arrested Foster immediately.

The issue is whether the search of the third party's home was an illegal search. Our reading of *Steagald v United States,* 451 US 204; 101 S Ct 1642; 68 L Ed 2d 38 (1981), convinces us that the search was indeed illegal and that the evidence should have been suppressed.

In *Steagald* the police had an arrest warrant for a man named Lyons but went to the home of a third party rather than to the home of a person named on the warrant. They entered the third party's home, found incriminating evidence and prosecuted the third-party homeowner. This is exactly the situation that we are faced with here. In *Steagald* the Supreme Court held that a search warrant was necessary in such instances because an arrest warrant for another person did not justify the search of a third party's home. *Steagald* applies to the facts of this case. The evidence should have been suppressed. Defendant's conviction, therefore, must be reversed.

Defendant's other claim, regarding the prosecu-·
tion's failure to present a res gestae witness, was
not preserved by a timely motion. *People v Robi-*
*deau,* 94 Mich App 663; 289 NW2d 846 (1980), *aff'd*
419 Mich 458 (1984). It is the accused's responsibil-
ity to move for a hearing during trial or for a new
trial prior to seeking appellate review. *People v*
*LeFlore,* 96 Mich App 557; 293 NW2d 628 (1980),
*lv den* 409 Mich 927 (1980). The defendant has not
met either of these prerequisites. We therefore
decline to address this issue on appeal.

Reversed.

V. J. BRENNAN, P.J., *(dissenting).* I respectfully
dissent.

From these facts, I would find the search here to
be valid and find that the denial of the suppression
motion was proper. For a valid search warrant to
be issued, an affidavit has to be executed. The
affidavit for a search warrant requires the officer
making the request to have probable cause to
believe that the legitimate object of the search is
located in a particular place. Here, during a valid
arrest of a third party and the securing of the
area, the officers saw drugs and drug paraphernalia. This established the probable cause. They then
sent for a search warrant and did not search the
home of the third party until the warrant arrived.

We can distinguish *Steagald v United States,*
*supra,* relied upon by the majority. In *Steagald,*
there was a search of the third party's home
*before* the warrant arrived. That did not occur
here.

Defendant claims that securing the premises
amounted to a search. The United States Supreme
Court in *Segura v United States,* 468 US —, —;
104 S Ct 3380, 3389; 82 L Ed 2d 599, 612 (1984),
said:

"We hold, therefore, that securing a dwelling, on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of either the dwelling or its contents."

Here, we had a valid arrest, we had proper securing of the premises, and we have the search after a *valid* search warrant was issued.

The evidence was properly admitted.

I would affirm.