PEOPLE v COLLIER

Docket No. 103750. Submitted November 9, 1989, at Detroit. Decided December 27, 1989.

James Collier was charged in Detroit Recorder's Court with possession with intent to deliver 50 to 225 grams of heroin and possession of 50 to 225 grams of heroin following an arrest made without a warrant. Detroit police officers, acting on an informant's tip that defendant was dispensing packets of heroin from a shopping bag in the lobby of an apartment building, went to the apartment building's lobby, saw defendant in possession of a shopping bag, chased defendant into an apartment after he attempted to flee, and made the arrest and recovered the narcotics inside the apartment. The trial court, Henry Heading, J., granted defendant's motion for suppression of the evidence seized and dismissal of the charges on the basis that the seizure and arrest were unconstitutional. The prosecution appealed.

The Court of Appeals *held:*

1. An arrest without a warrant of an individual in a public place upon probable cause does not violate constitutional prohibitions against unreasonable arrest or search and seizure. Here, the tip from the informant, who in the past had provided reliable information, along with the police's firsthand observation that defendant was at the location described by the informant and had a shopping bag as described by the informant, gave the police probable cause to arrest defendant.

2. The police did not need a warrant to pursue defendant into the apartment. A suspect cannot evade a lawful arrest without a warrant in a public place merely by escaping into a private place such as his home.

Reversed and remanded.

1. Arrest — Warrantless Arrest — Public Places — Searches and Seizures.

An arrest without a warrant of an individual in a public place

References

Am Jur 2d, Searches and Seizures §§ 10, 16, 37, 89, 111.

Constitutionality of searching premises without search warrant as incident to valid arrest—Supreme Court cases. 23 L Ed 2d 966.

upon probable cause does not violate constitutional prohibitions against unreasonable arrest or search and seizure.

2. ARREST — WARRANTLESS ARREST — PUBLIC PLACES.

  A criminal suspect cannot evade a lawful arrest without a warrant in a public place merely by escaping into a private place such as his home.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Craig A. Daly,* for defendant.

Before: GILLIS, P.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

PER CURIAM. The people appeal from the trial court's order suppressing evidence seized from defendant during his arrest and dismissing the charges against defendant. We now reverse the trial court.

Defendant was arrested by officers of the Detroit Police Department after they received a tip from a confidential informant. The informant told police lieutenant John Whitty that defendant was distributing packets of "funky beat" heroin to runners in the lobby of an apartment building at 234 Alfred in the City of Detroit. The informant told Whitty that defendant's name was Jimmy, that he was wearing a red shirt, and that he was handing out heroin from a small shopping bag. Lieutenant Whitty had dealt with this informant in the past, at least ten times in the past four years. On each

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

occasion the informant's tips proved reliable and led to arrests.

Based on the tip, Lieutenant Whitty and four other policemen went to the lobby of 234 Alfred. They did not obtain a warrant to arrest defendant prior to going there. When he arrived there, Lieutenant Whitty saw defendant with a small shopping bag in his hand. Whitty and another policeman, both in uniform, approached defendant. Defendant ran down the hallway. Whitty ordered defendant to stop, then Whitty and the other officer pursued defendant. Defendant pushed open the door to one of the apartments and ran inside. The officers followed defendant into the apartment and apprehended him in a bedroom. The police found the shopping bag on a table about five feet away from defendant. The bag contained white coin envelopes marked "funky beat," which later proved to contain heroin. Defendant was arrested and charged with possession with intent to deliver 50 to 225 grams of heroin and possession of 50 to 225 grams of heroin, MCL 333.7401; MSA 14.15(7401) and MCL 333.7403; MSA 14.15(7403).

Defendant moved to suppress the evidence seized and to dismiss the charges against him on the basis that the police had no warrant to arrest him or to search the premises in question. The trial court agreed, and granted defendant's motion.

On appeal, the people argue that the trial court erred in suppressing the evidence on the basis that the search was illegal. We agree.

An arrest without a warrant of an individual in a public place upon probable cause does not violate constitutional prohibitions against unreasonable arrest or search and seizure. *United States v Santana,* 427 US 38, 42; 96 S Ct 2406; 49 L Ed 2d 300 (1976). Here, the tip from the confidential informant, who was known to be reliable, along with

the officer's firsthand observation that defendant was at the location described by the informant and had a shopping bag as described by the informant, gave the police probable cause to arrest defendant. The police had probable cause to arrest defendant, and defendant was in a public place when they attempted to arrest him, so no arrest warrant was required.

Nor did the police need a warrant to pursue defendant into the apartment. A suspect cannot evade a lawful arrest without a warrant in a public place merely by escaping into a private place such as his home. *Santana, supra,* p 43. Additionally, once defendant saw the police and fled, there was a reasonable expectation that any delay would result in defendant's destroying the evidence. *Id.* Under these circumstances, the police did not need either an arrest or search warrant to pursue the fleeing defendant into the apartment and arrest him there. The trial court erred by suppressing the evidence. We hold that the evidence seized was admissible, and order that the charges against defendant be reinstated.

Reversed and remanded for proceedings consistent with this opinion.