PEOPLE v WHITFIELD

Docket No. 113934. Argued November 9, 1999 (Calendar No. 6). Decided March 7, 2000.

Thomas J. Whitfield was charged in the Detroit Recorder's Court with possessing less than twenty-five grams of heroin. The court, Maggie W. Drake, J., suppressed the evidence and dismissed the prosecution on the ground that a search warrant had been based on mere suspicion, instead of probable cause. The Court of Appeals, D. E. Hᴏʟʙʀᴏᴏᴋ Jʀ., P.J., and Wᴀʜʟs and Cᴀᴠᴀɴᴀɢʜ, JJ., affirmed in an unpublished memorandum opinion (Docket No. 207229). The people appeal.

In an opinion per curiam, signed by Chief Justice Wᴇᴀᴠᴇʀ, and Justices Tᴀʏʟᴏʀ, Cᴏʀʀɪɢᴀɴ, Yᴏᴜɴɢ, and Mᴀʀᴋᴍᴀɴ, the Supreme Court *held*:

The magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing, requiring reversal of the judgments of the Court of Appeals and the trial court.

1. To provide adequate support for a search warrant, an affidavit need not prove anything. A warrant and the underlying affidavit are to be read in a common-sense and realistic manner. A reviewing court is required to ask only whether a reasonably cautious person could have concluded that there was a substantial basis for the finding of probable cause.

2. In this case, considering the facts in a common-sense and realistic manner, the magistrate had a substantial basis for finding probable cause to issue the search warrant because there was a fair probability that contraband or evidence of a crime would be found on the premises to be searched. Giving due deference to the decision of the magistrate, no error was committed in issuing the warrant.

Reversed and remanded.

Justice Kᴇʟʟʏ, joined by Justice Cᴀᴠᴀɴᴀɢʜ, dissenting, stated that the evidence presented in the affidavit to the magistrate would not permit a reasonably cautious person to have concluded that there was a substantial basis for the finding of probable cause.

At a minimum, a sufficient affidavit must present facts and circumstances on which a magistrate can rely to make an indepen-

dent probable cause determination. In order to give great deference to a magistrate, a reviewing court necessarily must examine the facts that were presented in the affidavit. In this case, only two facts were presented to support the warrant: coin envelopes were observed and the defendant suggested that he would "take care of" the officer, if the officer returned in the company of someone known to the defendant. Coin envelopes, absent an observation at least of drug residue, coupled with a suspected drug transaction, are insufficient. Moreover, the affidavit itself demonstrates that the magistrate relied merely on the officer's belief that the envelopes contained contraband and his own subjective, unexpressed intention to purchase narcotics. At most, the facts submitted by the officer rose to the level of reasonable suspicion.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief, Research, Training and Appeals, and *Douglas P. Dwyer*, Assistant Prosecuting Attorney, for the people.

*William F. Branch* for the defendant.

PER CURIAM. The defendant was charged with possessing less than 25 grams of heroin. The trial court suppressed the evidence against him and dismissed the prosecution on the ground that a search warrant had been based on "[m]ere suspicion," instead of probable cause. The Court of Appeals affirmed. We find that the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing, and we therefore reverse the judgments of the Court of Appeals and the trial court.

I

On July 10, 1997, a district court magistrate issued a warrant authorizing the search of a home at 18072 Bloom in the city of Detroit. Applying for the warrant,

the police had submitted an affidavit that included these paragraphs:

> 1) Affiant is a sworn member of the Detroit Police Department Narcotic Division and as such was assigned to investigate a narcotic complaint at [18072 Bloom].
>
> 2) On July 09, 1997, Affiant who is assigned to the Detroit Police Narcotic Division attempted a purchase of narcotics from 18072 Bloom. The above described seller asked the Affiant what the Affiant wanted, Affiant replied "one" meaning one (1) pack of heroin. The above described seller produced from his right front pocket a large bundle of blue folded small coin envelopes wrapped in rubberbands. The seller looked at Affiant and asked Affiant who did Affiant know. Affiant was unable to convince the seller to sell illegal narcotics. The described seller stated come back with someone I know and I'll take care of you.
>
> 3) Affiant has participated in over 100 Narcotics Raids in the City of Detroit, and an overwhelming majority of these raids, illegal firearms were found and confiscated, these weapons were used to protect the illegal drug trade. Affiant has seen heroin in such coin envelopes on numerous occasions, and is very familiar with the appearance of heroin an [sic] its packaging.
>
> 4) Therefore affiant has probable cause to believe that the above mentioned articles will be found on the aforementioned premises and due to the affiants experience as a narcotics officer, there will be guns on the premises for the protection of the seller.

On the basis of evidence produced during the search, the defendant was charged with possession of less than twenty-five grams of heroin. MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v). He waived a preliminary examination.

In the trial court, the defendant filed a motion to suppress, arguing that the affidavit did not provide a sufficient basis for issuance of the warrant. At the

conclusion of a brief hearing, the trial court granted the motion:

> Let me just say that I have read the affidavit, and signed by the magistrate.
>
> And I understand based on the case law that I've read, that you need probable cause and facts and circumstances that lead a prudent person to believe that it is contraband.
>
> Mere suspicion, conclusion, cannot support the issuance of a warrant.
>
> The affidavit itself says an attempt.
>
> The Court is not convinced that there was probable cause in this case for the issuance of the warrant in this case.
>
> Based on my reading and understanding of the law, the Court will therefore suppress the evidence seized in this case as it relates to Mr. Thomas J. Whitfield.

The trial court entered an order suppressing the evidence and, on its own motion, a second order dismissing the case.

The prosecutor appealed, but the Court of Appeals affirmed.[1] The Court explained:

> A search warrant should be upheld if a substantial basis exists to conclude that there is a fair probability that the items sought will be found in the stated place. *People v Russo*, 439 Mich 584, 604; 487 NW2d 698 (1992); *People v Head*, 211 Mich App 205, 208; 535 NW2d 563 (1995). The reviewing court should ask whether a reasonably cautious person could have concluded that there was a substantial basis for the finding of probable cause. *Head, supra* at 209. The underlying affidavit must be read in a common sense and realistic manner, and the trial court's findings of fact are reviewed for clear error. *Id.*
>
> The trial court did not err in granting the motion to suppress. Unlike *Head, supra*, there was no evidence of other

---

[1] Unpublished memorandum opinion, issued September 25, 1998, reh den December 21, 1998 (Docket No. 207229).

drug transactions here. The officer did not see actual drugs; he saw coin envelopes which are often used to hold drugs. The prosecutor conceded that these envelopes could also have a legitimate use. A reasonable person could conclude that the officer's suspicion was insufficient to establish probable cause. *Head, supra.*

We granted the prosecutor's application for leave to appeal. 459 Mich 991 (1999).

II

In the present case, the heart of the disputed affidavit is this description of an exchange between the police officer and the apparent seller:

On July 09, 1997, Affiant who is assigned to the Detroit Police Narcotic Division attempted a purchase of narcotics from 18072 Bloom. The above described seller asked the Affiant what the Affiant wanted, Affiant replied "one" meaning one (1) pack of heroin. The above described seller produced from his right front pocket a large bundle of blue folded small coin envelopes wrapped in rubberbands. The seller looked at Affiant and asked Affiant who did Affiant know. Affiant was unable to convince the seller to sell illegal narcotics. The described seller stated come back with someone I know and I'll take care of you.

To provide adequate support for a warrant, the affidavit need not *prove* anything. As we explained in *People v Russo, supra* at 603-604:

[A]ppellate scrutiny of a magistrate's decision involves neither de novo review nor application of an abuse of discretion standard. Rather, the preference for warrants set forth in [*Illinois v Gates*, 462 US 213; 103 S Ct 2317; 76 L Ed 2d 527 (1983)], *United States v Ventresca*, 380 US 102; 85 S Ct 741; 13 L Ed 2d 684 (1965), and *Brinegar v United States*, 338 US 160; 69 S Ct 1302; 93 L Ed 1879 (1949),

requires the reviewing court to ask only whether a reasonably cautious person could have concluded that there was a "substantial basis" for the finding of probable cause. In *Gates* at 236-237, the Court held:

"[W]e have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.' 'A grudging or negative attitude by reviewing courts toward warrants,' is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; 'courts should not invalidate warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner.'

". . . [T]he traditional standard for review of an issuing magistrate's probable-cause determination has been that so long as the magistrate had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more. We think reaffirmation of this standard better serves the purpose of encouraging recourse to the warrant procedure and is more consistent with our traditional deference to the probable-cause determinations of magistrates than is the 'two-pronged test.' " [Citations omitted.]

In sum, a search warrant and the underlying affidavit are to be read in a common-sense and realistic manner. Affording deference to the magistrate's decision simply requires that reviewing courts ensure that there is a substantial basis for the magistrate's conclusion that there is a "fair probability that contraband or evidence of a crime will be found in a particular place." [*Gates, supra* at 238.]

In the present case, a person asked the police officer what the officer wanted. The officer replied "one," without further elaboration. The person then produced a large bundle of envelopes of the sort that

are used for packaging heroin.[2] However, the person declined to complete the transaction, apparently because the officer was unable to name a common acquaintance. However, the person added that he would be willing to "take care of" the officer, if the officer could return in the company of someone known to the person.

---

[2] The envelopes are often referred to as "coin envelopes." However, a review of the case law concerning heroin prosecutions reveals that these items could just as easily be called "drug envelopes" or even "heroin envelopes." *People v Justice (After Remand)*, 454 Mich 334, 350, 352; 562 NW2d 652 (1997); *People v Shabaz*, 424 Mich 42, 50; 378 NW2d 451 (1985), cert gtd 475 US 1094; 106 S Ct 1489; 89 L Ed 2d 891 (1986), cert vacated 478 US 1017; 106 S Ct 3326; 92 L Ed 2d 733 (1986); *People v Talley*, 410 Mich 378, 383, 388; 301 NW2d 809 (1981), partially overruled on other grounds *People v Kaufman*, 457 Mich 266, 276; 577 NW2d 466 (1998); *People v Wright*, 408 Mich 1, 16; 289 NW2d 1 (1980); *People v Collier*, 183 Mich App 473, 475; 455 NW2d 313 (1989); *In re Forfeiture of $53*, 178 Mich App 480, 483; 444 NW2d 182 (1989); *People v Stewart*, 166 Mich App 263, 265; 420 NW2d 180 (1988); *People v Russell*, 152 Mich App 537, 539-542; 394 NW2d 9 (1986); *Wayne Co Prosecutor v Recorder's Court Judge*, 149 Mich App 183, 185; 385 NW2d 652 (1986); *People v Johnson*, 146 Mich App 705, 707; 381 NW2d 791 (1985), lv gtd 425 Mich 872 (1986), lv improvidently gtd and lv den 428 Mich 903 (1987); *People v Alfafara*, 140 Mich App 551, 557; 364 NW2d 743 (1985); *People v Fowlkes*, 130 Mich App 828, 831, 834-835; 345 NW2d 629 (1983); *People v Porterfield*, 128 Mich App 35, 38-39; 339 NW2d 683 (1983); *People v Miller (On Remand)*, 128 Mich App 298, 301; 340 NW2d 858 (1983); *People v Hudgins*, 125 Mich App 140, 143, 148; 336 NW2d 241 (1983); *People v Key*, 121 Mich App 168, 171, 179; 328 NW2d 609 (1982); *Wayne Co Prosecutor v Recorder's Court Judge*, 119 Mich App 159, 161, 163; 326 NW2d 825 (1982); *People v Alexander*, 112 Mich App 357, 359-360; 315 NW2d 543 (1981); *People v Miller*, 110 Mich App 270, 274; 312 NW2d 225 (1981); *People v Williams*, 109 Mich App 768, 769-770; 312 NW2d 155 (1981); *Wayne Co Prosecutor v Recorder's Court Judge*, 101 Mich App 772, 775-777; 300 NW2d 516 (1980); *Wayne Co Prosecutor v Recorder's Court Judge*, 100 Mich App 518, 519-520; 299 NW2d 63 (1980); *People v Beachman*, 98 Mich App 544, 548, 551; 296 NW2d 305 (1980); *People v Kincaid*, 92 Mich App 156, 157-158; 284 NW2d 486 (1979); *People v Greer*, 91 Mich App 18, 21; 282 NW2d 819 (1979); *People v Washington*, 77 Mich App 598, 599-600, 603; 259 NW2d 151 (1977); *People v Terrell*, 77 Mich App 676, 678-680; 259 NW2d 187 (1977); *People v Falconer*, 76 Mich App 367, 368-369; 256 NW2d 597 (1977); *People v Bell*, 74 Mich App 270, 276-278; 253 NW2d 726 (1977); *People v Morris*, 66 Mich App 514, 516; 239 NW2d 649 (1976).

Considering these facts "in a common-sense and realistic manner," 439 Mich 604, we are certain that the magistrate had a substantial basis for finding probable cause to issue the search warrant because there was a "fair probability that contraband or evidence of a crime [would] be found [at the home where this conversation took place]." 462 US 238. The display of envelopes in response to the officer's inquiry regarding heroin, coupled with the officer's statement that he had participated in over one hundred narcotics raids and had "seen heroin in such coin envelopes on numerous occasions, and is very familiar with the appearance of heroin an[d] its packaging," suggests that the envelopes did, in fact, contain narcotics. Although the person would not complete the sale, he effectively promised to sell to the officer in the future, contingent on the officer returning with someone familiar to him. Accordingly, giving due deference to the decision of the magistrate, which both the trial court and the Court of Appeals failed to do, we are satisfied that he did not err in issuing this search warrant.

For these reasons, we reverse the judgments of the Court of Appeals and the trial court, and we remand this case to the trial court for further proceedings.

WEAVER, C.J., and TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.

KELLY, J. (*dissenting*). I agree with the majority that great deference should be accorded to a magistrate's determination of probable cause. However, I cannot agree with the majority's conclusion that "the magistrate had a substantial basis for finding probable cause" on the basis of the facts of this case. *Ante* at

448. Instead, I would affirm the judgments of the Court of Appeals and the trial court.

Five years ago, this Court addressed thoroughly what comprises a sufficient affidavit for a search warrant. As we explained in *People v Sloan*, 450 Mich 160, 166-171; 538 NW2d 380 (1995):

> The Michigan Constitution provides that a search warrant may issue only on a showing of probable cause, supported by oath or affirmation.
>
> "The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation." [Const 1963, art 1, § 11.]
>
> Implementing this constitutional mandate, MCL 780.651(1); MSA 28.1259(1)(1) and MCL 780.653; MSA 28.1259(3) require that probable cause be shown in the form of an affidavit presented to a magistrate who will decide whether to issue a warrant on the basis of the affidavit's contents.
>
> "*When an affidavit is made on oath to a magistrate* authorized to issue warrants in criminal cases, and *the affidavit establishes grounds for issuing a warrant pursuant to this act*, the magistrate, if he or she is satisfied that there is probable cause for the search, shall issue a warrant to search the house, building, or other location or place where the property or thing to be searched for and seized is situated." [MCL 780.651(1); MSA 28.1259(1)(1) (emphasis added).]
>
> "*The magistrate's findings of reasonable or probable cause shall be based on all the facts related within the affidavit made before him or her.*" [MCL 780.653; MSA 28.1259(3) (emphasis added).]
>
> When reviewing courts assess a magistrate's conclusion that probable cause to search existed, such courts apply the standard of review set forth in *People v Russo*, 439 Mich 584; 487 NW2d 698 (1992). The standard instructs review-

ing courts that "a search warrant and the underlying affidavit are to be read in a common-sense and realistic manner." *Id.* at 604. Reviewing courts must also pay deference to a magistrate's determination that probable cause existed. This deference "requires the reviewing court to ask only whether a reasonably cautious person could have concluded that there was a 'substantial basis' for the finding of probable cause." *Id.* at 603, quoting *Illinois v Gates*, 462 US 213, 236; 103 S Ct 2317; 76 L Ed 2d 527 (1983).

When reviewing courts apply the standard from *Russo*, they must specifically focus on facts and circumstances that support the magistrate's probable cause determination. Reviewing courts may consider only those facts that were presented to the magistrate. *Aguilar v Texas*, 378 US 108, 112; 84 S Ct 1509; 12 L Ed 2d 723 (1964). Moreover, reviewing courts must ensure that the magistrate's decision is based on actual facts—not merely the conclusions of the affiant. One of the main purposes of the warrant application procedure is to have a neutral and detached magistrate determine whether probable cause exists. This purpose cannot be achieved if the magistrate simply adopts unsupported conclusions of the affiant. Accordingly, at a minimum, a sufficient affidavit must present facts and circumstances on which a magistrate can rely to make an independent probable cause determination.

These concepts are well established throughout Michigan case law. In *People v Effelberg*, 220 Mich 528, 531; 190 NW 727 (1922), we explained:

"It was not for [the affiant] but for the magistrate to determine whether there was probable cause to justify issuing the search warrant. His statements are his conclusions and have no more force than if expressly stated on information and belief. Affiant should have stated to the magistrate on oath or affirmation the facts and circumstances, if any were known to him, which induced the beliefs and the conclusions stated."

Similarly, in *People v Rosborough*, 387 Mich 183, 199; 195 NW2d 255 (1972), we emphasized:

" 'The affidavit must contain facts within the knowledge of the affiant, as distinguished from mere conclusions or

belief. An affidavit made on information and belief is not sufficient. The affidavit should clearly set forth the facts and circumstances within the knowledge of the person making it, which constitute the grounds of the application. The facts should be stated by distinct averments, and must be such as in law would make out a cause of complaint. *It is not for the affiant to draw his own inferences. He must state matters which justify the drawing of them.*' " [Quoting 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 868, p 1129.   (Emphasis in original.) Accord *People v Sherbine*, 421 Mich 502, 511, n 16; 364 NW2d 658 (1984); *People v Warner*, 221 Mich 657, 659; 192 NW 566 (1923); *People v Knopka*, 220 Mich 540, 544; 190 NW 731 (1922); *People v Landt*, 188 Mich App 234, 241; 469 NW2d 37 (1991), rev'd on other grounds 439 Mich 870; 475 NW2d 825 (1991);   *People v Zoder*, 15 Mich App 118; 166 NW2d 289 (1968).][3]

---

[3] Likewise, the United States Supreme Court has explicitly recognized that probable cause determinations must be based on facts and circumstances:

" 'Under the Fourth Amendment, an officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from *facts or circumstances* presented to him under oath or affirmation. Mere affirmance of belief or suspicion is not enough.' " [*Aguilar v Texas, supra* at 112, quoting *Nathanson v United States*, 290 US 41, 47; 54 S Ct 11; 78 L Ed 159 (1933) (emphasis in original).]

---

In *Zoder*, the Court of Appeals explained that a magistrate abdicates his judicial function regarding search warrants when he only accepts the affiant's conclusory statements:

"The vice of stating a 'mere conclusion' and in failing to state the underlying circumstances upon which the conclusion is based is that without a statement of underlying circumstances the magistrate must accept the inferences drawn by the affiant rather than make his own independent evaluation." [*Zoder* at 121.]

When presented with affidavits that wholly consist of the affiant's unjustified assertions or inferences, Michigan reviewing courts have consistently held that the affidavit is fatally deficient because it could not provide any basis to

support a magistrate's conclusion that there was probable cause to search. See *Sherbine, Rosborough, Knopka, Effelberg, Landt,* and *Zoder.*

In order to give great deference to a magistrate, a reviewing court necessarily must examine the facts that were presented in the affidavit. In this case, as the majority recognizes, only two facts were presented to support the warrant: coin envelopes were observed and defendant suggested that he would "take care of" the officer, if the officer returned in the company of someone known to the defendant.

The majority comments that the officer inquired about heroin. However, a review of the affidavit demonstrates no such inquiry. The affidavit states that the officer went to the defendant's address. When the defendant opened the door, he asked "what [the officer] wanted." The officer replied, "one." At that moment, the defendant produced "a large bundle of blue folded small coin envelopes wrapped in rubberbands." On the basis of these facts, the most immediate and reasonable inference to be drawn is that defendant believed that the officer made an offer to purchase a single coin envelope.

In *People v Falconer*,[1] the Court of Appeals ruled that an officer's suspicion that coin envelopes contained narcotics did not constitute probable cause. The officer relied solely on his suspicion in making an affidavit for a search warrant.

In this case, the defendant refused to sell anything to the undercover officer. There were no drugs observed either on the premises or in the coin enve-

---

[1] 76 Mich App 367; 256 NW2d 597 (1977).

lopes. Although the officer's experience in narcotics demonstrated that drugs were often packaged in coin envelopes, he did not know that the coin envelopes he observed contained contraband. See *Falconer*. He suspected that the envelopes contained drugs. Such a suspicious belief is insufficient to warrant a probable cause finding. See *Rosborough*, 387 Mich 199.

In *People v Head*,[2] the affiant was an experienced police officer assigned to a narcotics team. For approximately three months, he observed a building that was suspected to be a drug house. He swore that an unnamed cooperating person made two controlled buys at the house within the two weeks before issuance of the warrant. The second purchase had been within the previous forty-eight hours. The substance purchased was cocaine. Finally, in vouching for the reliability of the informant, the affiant asserted that the informant had made statements regarding drug involvement that were against the party's penal interests.

I wrote that the facts showing controlled cocaine purchases in *Head* were sufficient to establish probable cause to permit the magistrate to issue a search warrant. However, the present case is distinguishable. Here, there were no facts indicating that the defendant's house had been under surveillance. Moreover, there was no observance of drug transactions or of drugs of any kind. In *Head*, the magistrate had evidence of two concrete drug sales. In the present case, the magistrate had none.

In *People v Rosborough, supra,* a warrant was issued to search the defendant's premises and seize

---

[2] 211 Mich App 205; 535 NW2d 563 (1995).

gambling paraphernalia. The underlying affidavit was signed by a police officer who stated that he had seen various persons arrive at a location by automobile, enter the premises carrying brown paper bags, leave with the bags, and drive away. On the basis of these observations, the officer suspected that the location was a gambling house.[3]

We held that the search warrant was not properly supported by probable cause. In so holding, we stated that "[i]t is not for the affiant to draw his own inferences. He must state matters which justify the drawing of them." 387 Mich 199.

In this case, the officer believed that contraband was contained inside the coin envelopes because he had seen similar envelopes in prior drug transactions. Analogous to the brown paper bags observed in *Rosborough*, the coin envelopes, without more, are not sufficient to support a probable cause determination.

In *United States v Algie*,[4] the United States Court of Appeals for the Sixth Circuit faced the issue whether (1) fifteen telephone calls made to a corporation from an apartment that the police knew to be

---

[3] In the affidavit, the officer concluded

"that from his observations of the people, packages and parcels in the manner described, and the use of the automobiles hereinbefore mentioned, that the persons aforementioned, whose names are unknown but whose persons are well known, have conspired to violate the gambling laws of the State of Michigan, and that they are operating an unlawful gambling enterprise and that the premises are used to collect, store and conceal memoranda of bets and other gambling paraphernalia . . . ." [387 Mich 197.]

Although the officer did not expressly say so, one reasonably could surmise that he made this conclusion on the basis of his past experience as an officer.

[4] 721 F2d 1039 (CA 6, 1983).

used for gambling, (2) coupled with the officer's belief that telephones were often used to make lay-off bets, constituted probable cause sufficient to issue a warrant to search the corporation. The evidence of the telephone calls was derived from a pen register.

The Sixth Circuit held that the evidence amounted only to a reasonable suspicion. The court reasoned that, although the apartment was a known location where illegal gambling took place, the corporation was not. It noted, also, that "no demonstrable illegal activities were observed at [the corporation]." *Id.* at 1042.

The court also took note that telephones were commonly used by bookmakers to make bets and exchange information. Nevertheless, it stated that the connection between an innocuous device such as a telephone and alleged or suspected criminal activity is simply insufficient. See *id.* at 1043.

It follows that coin envelopes, absent an observation of at least drug residue, coupled with a suspected drug transaction, are insufficient. Moreover, the affidavit itself demonstrates that the magistrate relied merely on the officer's belief that the envelopes contained contraband and his own subjective, unexpressed intention to purchase narcotics. At most, the facts submitted by the officer rose to the level of reasonable suspicion. And, as the United States Supreme Court indicated, mere suspicion is insufficient to establish probable cause to search. See *Brinegar v United States*, 338 US 160, 175; 69 S Ct 1302; 93 L Ed 1879 (1949).

Accordingly, the evidence presented in the affidavit to the magistrate was such that a "reasonably cautious person could [not] have concluded that there

was a 'substantial basis' for the finding of probable cause." See *Sloan, supra* at 168.

On the basis of the foregoing discussion and analysis, I would affirm the judgments of both the Court of Appeals and the trial court.

CAVANAGH, J., concurred with KELLY, J.