# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 13, 2016

Plaintiff-Appellee,

v

No. 328726
Oakland Circuit Court
LC No. 2015-253336-FH

KIRK ANTONIO ROSTON,

Defendant-Appellant.

Before: JANSEN, P.J., and CAVANAGH and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*), felon in possession of a firearm, MCL 750.224f, felon in possession of ammunition, MCL 750.224f(6), and possession of marijuana, MCL 333.7403(2)(d). The trial court sentenced defendant, a fourth habitual offender, MCL 769.12, to 6 years and 3 months to 40 years' imprisonment for the possession with intent to deliver less than 50 grams of cocaine conviction, 1 to 15 years' imprisonment for the possession of less than 25 grams of heroin conviction,[1] 1 to 15 years' imprisonment for the felon in possession of a firearm conviction, 1 to 40 years' imprisonment for the felon in possession of ammunition conviction, and 41 days jail for the possession of marijuana conviction. We affirm.

## I. DUE PROCESS, RIGHT TO CONFRONT WITNESSES, AND *BRADY*[2] VIOLATION

Defendant argues that he was denied his due-process right to a fair trial and his right to confront the witnesses against him when the trial court refused to order production of a confidential informant mentioned in the affidavit supporting the warrant to search defendant's

---

[1] We note that defendant was initially sentenced to 1 to 40 years' imprisonment for possession of less than 50 grams of cocaine, MCL 333.7403(2)(a)(*iv*), an offense for which defendant was not convicted. However, defendant's judgment of sentence was amended to reflect that defendant was sentenced to 1 to 15 years' imprisonment for his possession of *heroin* conviction.

[2] *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963).

-1-

home. Additionally, defendant argues that the prosecutor's failure to produce the confidential informant or provide identifying information constituted a violation of defendant's right to disclosure of exculpatory evidence under *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963). We disagree.

Defendant requested production of the confidential informant in the trial court, preserving his argument that the trial court's refusal to produce the informant violated his due-process right to a fair trial. See *People v Henry (After Remand)*, 305 Mich App 127, 152; 854 NW2d 114 (2014). However, defendant failed to object to the trial court's decision to maintain the informant's confidentiality on either Confrontation Clause or *Brady* violation grounds, and these issues are unpreserved. See *id.*; *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007) (noting that "[f]or an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court.").

This Court reviews a trial court's decision regarding whether to order production of a confidential informant for an abuse of discretion. *Henry (After Remand)*, 305 Mich App at 156. " 'An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes.' " *Id.* (citation omitted). This Court's review of defendant's unpreserved issues is limited to plain error affecting defendant's substantial rights. See *People v Walker (On Remand)*, 273 Mich App 56, 65-66; 728 NW2d 902 (2006).

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice. Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence. [*Id.* (citation and quotation marks omitted; alteration in original).]

The prosecution is generally not required to disclose the identity of confidential informants. *Henry (After Remand)*, 305 Mich App at 156. "However, when a defendant demonstrates a possible need for the informant's testimony, a trial court should order the informant produced and conduct an in camera hearing to determine if the informant could offer any testimony beneficial to the defense." *Id.* Specifically, the trial court must determine whether the testimony of the confidential informant is "either relevant and helpful to defendant's defense or essential to a fair determination of defendant's guilt." *People v Underwood*, 447 Mich 695, 707; 526 NW2d 903 (1994). In making this determination, the court should consider " 'the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.' " *Henry (After Remand)*, 305 Mich App at 156 (citation omitted).

Defendant's right to a fair trial was not affected by the trial court's failure to order the prosecution to produce the confidential informant because defendant failed to show that the

confidential informant possessed information that was relevant and helpful to his defense or essential to a fair determination of his guilt. In the lower court, defendant failed to even suggest that the confidential informant might possess any relevant information. Defendant's "demand" for the production of the confidential informant encompassed two statements, both broad and bare, in a motion requesting a *Franks*[3] hearing to investigate alleged falsifications in the affidavit supporting the warrant to search his home. In that motion, which was not accompanied by a brief, defendant claimed that "the confidential informant on his own volition knowingly provided false information to the Affiant, thus making him/her unreliable," and stated that he therefore "demands a production of the confidential informant." The motion was not supported by an affidavit or any other documentation.

On appeal, defendant argues that statements in the affidavit attributed to the confidential informant were inconsistent with the trial testimony of the officer in charge, Detective Daniel Main, regarding the officer's surveillance of the home. According to defendant, the confidential informant's statement that he had been to defendant's house in the 48 hours before the warrant's issuance directly contradicted Detective Main's testimony that he had not seen anyone other than defendant or defendant's girlfriend, Conquilla Griffin, enter or exit 1046 Cherrylawn in the days prior to the search. This contradiction, in turn, indicates that Detective Main was either unreliable or that he provided false testimony. However, defendant's unpreserved argument is simply unsupported by the facts. Nowhere in the affidavit does it say that the confidential informant was at defendant's house. The affidavit states only that, "[a] confidential informant of established reliability provided the affiant with true and accurate information concerning criminal activity at 1046 Cherrylawn," which prompted Main, the affiant, to "control[] the purchase of cocaine from the location twice within the past three months, the most recent within the past 48 hours." Detective Main's testimony at trial, indicating that he had only ever seen defendant and an adult female exit the home at 1046 Cherrylawn, was consistent with the information in the affidavit. Defendant's attempt to establish the relevance and importance of the confidential informant's testimony fails. Defendant has not offered any other explanation regarding how the informant's testimony would be relevant and helpful to the defense, or "essential to a fair determination" of defendant's guilt, see *Underwood*, 447 Mich at 707, and the trial court therefore did not abuse its discretion when it denied defendant's demand for the identity of the informant.

Neither has defendant shown that the trial court's failure to order production of the confidential informant deprived him of his right to confront witnesses. The Confrontation Clauses of "[b]oth the United States and Michigan constitutions guarantee a criminal defendant the right to confront the witnesses against him or her." *People v Garland*, 286 Mich App 1, 10; 777 NW2d 732 (2009), citing US Const, Am VI; Const 1963, art 1, § 20. Importantly, the Confrontation Clause concerns out-of-court statements of witnesses, that is, persons who bear testimony against the defendant. *People v Fackelman*, 489 Mich 515, 528; 802 NW2d 552 (2011). "To preserve this right, testimonial hearsay is inadmissible against a criminal defendant unless the declarant is unavailable at trial and the defendant had a prior opportunity to cross-

---

[3] *Franks v Delaware*, 438 US 154, 155-156; 98 S Ct 2674; 57 L Ed 2d 667 (1978).

examine the declarant." *Id*. However, if the statement is nontestimonial, then the Confrontation Clause does not bar its admissibility. *Id*. A statement is testimonial if the primary purpose of that statement or the corresponding question " 'is to establish or prove past events potentially relevant to later criminal prosecution.' " *Id*. (citation omitted).

"A statement by a confidential informant to the authorities generally constitutes a testimonial statement." *People v Chambers*, 277 Mich App 1, 10; 742 NW2d 610 (2007). "However, the Confrontation Clause does not bar the use of out-of-court testimonial statements for purposes other than establishing the truth of the matter asserted." *Id*. at 10-11. In this case, the prosecution did not seek to introduce *any* evidence of the confidential informant or rely on statements made by that individual. In fact, neither Detective Main nor any of the other witnesses testified that they had been investigating defendant based on information obtained from a confidential informant. None of the informant's statements were admitted into evidence at defendant's trial or any pretrial hearing. The informant was therefore not a witness against defendant, and defendant had no one to confront. Defendant's right of confrontation was not violated.

Similarly, defendant cannot show that the failure of the prosecution to produce the confidential informant constituted a *Brady* violation. The elements of a *Brady* violation are that "(1) the prosecution has suppressed evidence; (2) that is favorable to the accused; and (3) viewed in its totality, is material." *People v Chenault*, 495 Mich 142, 155; 845 NW2d 731 (2014). It is true that under *Brady*, "[t]he prosecution's failure to disclose exculpatory or material evidence in its possession constitutes a due process violation regardless of whether a defendant requested the evidence." *Henry (After Remand)*, 305 Mich App at 157. However, "[u]ndisclosed evidence will be deemed material only if it could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id*. (citation and quotatoin marks omtited). As previously discussed, defendant failed to offer any evidence illustrating how statements by the confidential informant were relevant and helpful to the defense. As such, he failed to provide proof that the confidential informant could have offered either material or favorable evidence, and the prosecution's failure to produce the informant therefore did not undermine confidence in the jury's verdict. Accordingly, there was no *Brady* violation.

## II. *FRANKS* HEARING

Next, defendant argues that the trial court erred when it denied his request for a *Franks* hearing to challenge the validity of the warrant to search his home. We disagree.

A trial court's decision on whether to hold an evidentiary hearing based on a challenge to the validity of a search warrant's affidavit is reviewed for an abuse of discretion. *People v Martin*, 271 Mich App 280, 309; 721 NW2d 815 (2006). "However, this Court reviews the facts supporting the denial of the evidentiary hearing for clear error and reviews the application of those facts to the law de novo." *Id*.

"[I]f false statements are made in an affidavit in support of a search warrant, evidence obtained pursuant to the warrant must be suppressed if the false information was necessary to a finding of probable cause." *People v Stumpf*, 196 Mich App 218, 224; 492 NW2d 795 (1992). However, an affidavit supporting a search warrant is presumed to be valid. *Martin*, 271 Mich

App at 311. A trial court must conduct an evidentiary hearing only after the defendant makes a preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the warrant affidavit, and that the allegedly false statement was necessary to a finding of probable cause. *Id*. A conclusory challenge does not warrant a hearing. *Id*. As the *Franks* Court explained:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. [*Franks v Delaware*, 438 US 154, 171; 98 S Ct 2674; 57 L Ed 2d 667 (1978).]

Additionally, after a defendant has made a preliminary showing that the affidavit contains false statements, any invalid portions of the affidavit may be severed, *People v Ulman*, 244 Mich App 500, 510; 625 NW2d 429 (2001), and "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required," *Franks*, 438 US at 171-172. Thus, "if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing." *Id*. at 172.

Defendant failed to make a preliminary showing that the search warrant affidavit contained any false statements, or to provide any proof, aside from conclusory allegations, that such statements were made knowingly and intentionally, or with reckless disregard for the truth. It is not enough that defendant claimed that he could "establish a substantial preliminary showing." It was defendant's burden to make the substantial showing before the trial court was obligated to grant defendant's motion for a *Franks* hearing. There is no question that defendant failed to meet that burden. Defendant did not produce any sworn statements by a witness or attempt to explain why such statements were unavailable. Nor did defendant attempt to explain how, if the affidavit contained false statements, those statements were necessary for a finding of probable cause. Defendant brought nothing more than broad and nonspecific allegations, failed to point out specifically what portion of the warrant affidavit was false, failed to include any supporting argument, and failed to accompany his allegations with an offer of proof.

Further, although defendant broadly claimed that "without the false and reckless statements a finding of probable cause would not be supported by the remaining content of the affidavit," he failed to offer support for this assertion. Defendant's conclusory statement was simply insufficient. This Court, like the trial court, is unable to determine whether defendant's claimed falsities could undermine the probable cause for the search warrant. Without a showing by defendant that such falsities exist, this Court presumes the validity of the search warrant affidavit, and further consideration of defendant's claims is unnecessary. *Martin*, 271 Mich App at 311. Without a preliminary showing that the affidavit contained false statements, the trial court was well within its discretion to deny such a motion.

-5-

### III. CHALLENGES TO THE SEARCH WARRANT

Third, defendant argues that he is entitled to a new trial because the warrant to search his home was unsupported by probable cause. In his Standard 4 brief, he also argues that the warrant is unconstitutionally unspecific and invalid for failure to meet certain structural requirements. Again, we disagree.

Defendant failed to preserve these objections by moving to suppress the evidence in the trial court on the ground that the search warrant was deficient and unsupported by probable cause. See *People v Unger*, 278 Mich App 210, 243; 749 NW2d 272 (2008). Unpreserved constitutional issues are reviewed for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Further, "[a] magistrate's determination of probable cause should be paid great deference by reviewing courts." *People v Keller*, 479 Mich 467, 474; 739 NW2d 505 (2007) (citation and quotation marks omitted). Affording the requisite deference to the magistrate's decision, a reviewing court is required to ensure simply that a reasonably cautious person could conclude that there is a substantial basis for the magistrate's conclusion that probable cause exists. *Martin*, 271 Mich App at 297.

Defendant argues that the affidavit fails to show probable cause to believe that contraband or any other evidence of a specific crime would be found in defendant's home because (1) it does not provide facts regarding the confidential informant's credibility or reliability, (2) it does not indicate the existence of evidence to show that drugs would be located inside defendant's home or that defendant was engaged in direct sales of drugs, and (3) it does not indicate that the confidential informant ever provided specific information regarding the probability of drugs other than cocaine, guns, or telephones in defendant's home, and the affiant therefore lacked probable cause to search for anything other than cocaine.

Under both the United States Constitution and the Michigan Constitution, a search warrant may not issue without probable cause to justify the requested search. US Const, Am IV; Const 1963, art 1, § 11. "Probable cause exists when the facts and circumstances would allow a reasonable person to believe that the evidence of a crime or contraband sought is in the stated place." *People v Waclawski*, 286 Mich App 634, 698; 780 NW2d 321 (2009). Probable cause is determined based on the facts presented by oath or affirmation to the issuing magistrate. *Id*. "When probable cause is averred in an affidavit, the affidavit must contain facts within the knowledge of the affiant rather than mere conclusions or beliefs." *Id*. On appeal, "a search warrant and the underlying affidavit are to be read in a common-sense and realistic manner" to determine whether there is a substantial basis supporting the magistrate's conclusion that there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *People v Whitfield*, 461 Mich 441, 446; 607 NW2d 61 (2000) (citations and quotation marks omitted).

If a search warrant affidavit is based in part on information supplied by a confidential informant, it must contain affirmative allegations from which a magistrate may conclude that the confidential informant was credible or the information provided was reliable. *People v Poole*, 218 Mich App 702, 706; 555 NW2d 485 (1996). The fact that the police previously used information from the informant with success provides support for the conclusion that the informant was credible and reliable. *Stumpf*, 196 Mich App at 223. Contrary to defendant's

assertion on appeal, the search warrant affidavit contained affirmative allegations to satisfy this requirement. As one of several facts offered to support a probable cause determination, the affidavit states that "[a] confidential informant of *established reliability* provided the affiant with true and accurate information concerning criminal activity at 1046 Cherrylawn . . . that a [man] identified as "Kirk" sold cocaine from and made deliveries of cocaine from that residence." (Emphasis added.) Thereafter, the affidavit contains a provision specifically addressing the informant's credibility, which, on its own, would be sufficient to support the affiant's reliance on information obtained from the confidential informant.

Information provided by a confidential informant is enough to establish probable cause when the police have verified the information through an independent investigation. See *Waclawski*, 286 Mich App at 699. The record clearly establishes not only that the facts stated in the affidavit were *confirmed* by investigating officers, but that Detective Main's independent investigation uncovered evidence, independent of the confidential informant's original statements, establishing probable cause to believe that defendant was engaged in narcotics trafficking. Indeed, while the affidavit mentions that Detective Main's investigation of defendant was initiated after Detective Main received information suggesting that defendant was selling cocaine, its recitation of facts to establish probable cause consists of Detective Main's independent, direct observation of defendant engaged in person-to-person sales of narcotics with a confidential informant. The affidavit specifically alleged that the affiant observed the confidential informant as the informant participated in two controlled buys of cocaine with the occupants of 1046 Cherrylawn, that the transactions were undertaken at a prearranged meet location, and that the informant was searched immediately before and after conducting the hand-to-hand transactions. These allegations were sufficient to allow the magistrate to find that the confidential informant's information was reliable.

The affidavit clearly illustrated probable cause to believe that defendant was engaged in narcotics trafficking on some scale. Indeed, the affiant personally observed defendant as he conducted a hand-to-hand sale of cocaine to the affiant's confidential informant. Further, the affidavit provided sufficient information to allow a reasonably cautious person to conclude that, under the totality of the circumstances, there was a substantial basis for the magistrate's determination that probable cause existed to conclude that evidence of drug trafficking would be found in defendant's home. See *People v Echavarria*, 233 Mich App 356, 367; 592 NW2d 737 (1999). Detective Main personally observed defendant leave the residence at 1046 Cherrylawn to meet with the confidential informant at the prearranged meet location, where defendant engaged in the sale of cocaine. It is reasonable, from this information, to believe that defendant brought the cocaine with him from his home. Additionally, Detective Main supported his request for a search warrant with a recitation of his qualifications as a narcotics enforcement officer and an explanation, based on his experience, that drug traffickers commonly keep weapons, records of drug deals, cellular telephones, drug paraphernalia, and a source of controlled substances in their homes. "[T]he affiant's experience is relevant to the establishment of probable cause." *Waclawski*, 286 Mich App at 698.

Contrary to defendant's argument on appeal, the search warrant affidavit was not rendered invalid by any failure of the affiant to specifically describe the evidence sought. The fact that Detective Main only had direct evidence of defendant's sale of *cocaine* did not, as defendant argued, limit the probable cause to that for suspicion of cocaine sales. "The Fourth

Amendment requires a warrant to 'particularly describ[e] the place to be searched, and the person or things to be seized,' " *Keller*, 479 Mich at 475 (alteration in original). However, the degree of specificity required depends on the circumstances of the investigation and the types of items involved. *Unger*, 278 Mich App at 245. Michigan's probable cause standard relates to whether "contraband or evidence of *a* crime will be found in a particular place." *People v Kazmierczak*, 461 Mich 411, 417-418; 605 NW2d 667 (2000) (emphasis added). "It does not require that the evidence sought be particular to the specific offense a defendant is alleged to have committed." *People v Hellstrom*, 264 Mich App 187, 199-200; 690 NW2d 293 (2004). The personal observations of Detective Main, combined with his experience investigating drug trafficking crimes, provided probable cause to believe evidence of drug trafficking in general would be located at defendant's home. There was no reason to limit the search of defendant's home to evidence of cocaine alone.

The descriptions of the items to be seized from defendant's home were sufficiently particularized. Contrary to defendant's assertions in his Standard 4 brief, the warrant drafter's use of the word "any" to delineate the types of drugs, weapons, and cellular telephones was not too general to meet specificity requirements. Again, it is not necessary to specifically delineate whether a search is for a specific type of drug or a specific type of weapon, when it is only probable cause to believe evidence of "*a* crime" will be found in a particular place that is necessary. See *Kazmierczak*, 461 Mich at 417-418 (emphasis added). Read in context, it is clear that the warrant limited the seizure of evidence to items related to the sale or distribution of controlled substances. Examining the description in a common-sense manner, it is clear that the officers' discretion was limited to searching for identified classes of items connected to defendant's suspected drug trafficking operation, and the warrant therefore met the particularity requirement.

In his Standard 4 brief, defendant also alleges various structural flaws in the search warrant, including the absence of the signing magistrate's name and bar number, the absence of a clerk file mark, the absence of a court seal, the absence of the confidential informant's "code number," and the absence of any dates for the alleged hand-to-hand transactions between defendant and the confidential informant. Defendant presents most of these arguments in a cursory fashion without sufficient development to permit meaningful review. Although he asserts that such indicia of reliability are "required by law," he does not cite supporting authority. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). It should be noted that although the warrant does not include the identifying information defendant claims is required, it does indicate that it is based on the attached affidavit, sworn to by the affiant, and that it was entered by a 50th District Court magistrate. The warrant does not include a printed name of the magistrate, but it is signed by the magistrate, and defendant conceded in his lower court motion that the magistrate's identity is known to defendant. The warrant is dated with the same date as the affidavit, and we find no evidence to suggest that the warrant was issued illegally.

Even if we were to find that the search warrant was invalid for structural deficiencies, or for lack of probable cause, a new trial would not be necessary as suppression of the evidence would be inappropriate. Ordinarily, if a warrant is determined to be invalid because it lacked a

probable cause basis or was technically deficient in some other manner, any evidence seized pursuant to that warrant is inadmissible as substantive evidence in related criminal proceedings. *Kazmierczak*, 461 Mich at 418. However, our Supreme Court recognizes the "good-faith" exception in cases of invalid search warrants, which "renders evidence seized pursuant to an invalid search warrant admissible as substantive evidence in criminal proceedings where the police acted in reasonable reliance on a presumptively valid search warrant that was later declared invalid." *Hellstrom*, 264 Mich App at 193-194. Defendant has not argued that the officers performing the search of his home acted in bad faith. The supporting affidavits were not "so lacking in indicia of probable cause that the officers could not objectively believe that the warrant was supported by probable cause." See *id*. at 199 (citation and quotation marks omitted). Neither was there any reason, at the time of the search, to believe that the facts alleged in the affidavit were false or that the magistrate was misled by false information. See *id*. Finally, the warrant was not "so facially deficient that it rendered the officers' reliance wholly unreasonable." *Id*. at 200. The warrant described the place to be searched and the items to be seized with sufficient particularity to allow the officers to reasonably rely on the validity of the warrant. The warrant was signed by the magistrate and supported by the affidavit of an investigating officer. The good-faith exception is therefore applicable, and suppression of the evidence obtained pursuant to the warrant would be inappropriate.

## IV. RIGHT TO A JURY TRIAL

Next, in his Standard 4 brief, defendant argues that the trial court's refusal to produce the confidential informant to testify at defendant's trial deprived him of his right to a jury trial. We disagree.

Defendant failed to preserve this issue by raising it in the lower court. See *Metamora Water Serv, Inc*, 276 Mich App at 382. Our review is therefore limited to plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763.

Defendant does not argue that he was deprived of a trial by jury. Indeed, defendant was tried before a jury and convicted by jury verdict. Defendant instead presents the novel argument that the trial court's denial of his request for production of the confidential informant deprived him of his right to have the jury consider all of the available evidence bearing on defendant's guilt. Inherent in defendant's argument is the idea that an uninformed jury cannot be "fair and impartial." Defendant does not cite any legal authority to support his claim, and this Court need not find it for him. See *Kelly*, 231 Mich App at 640-641. Because defendant has cited no authority to support his claim of error, he has abandoned this issue on appeal.

Further, defendant's stated argument directly conflicts with the rules of evidence and this Court's construction of a defendant's right to a fair and impartial jury. The Sixth Amendment to the United States Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ." US Const, Am VI. This amendment guarantees a criminal defendant the right to be tried by a fair and impartial jury. *People v Miller*, 482 Mich 540, 547; 759 NW2d 850 (2008). While the right to a fair and impartial jury encompasses several areas, it has never been found to encompass the right to present all evidence related to defendant's guilt or innocence. Indeed, such a "right" would be, in many cases, detrimental to a criminal defendant. See *Unger*, 278 Mich App at 250

(explaining that the rules of evidence at issue in the case "help to ensure the integrity of criminal trials"). To interpret the Sixth Amendment's right to a fair and impartial jury to necessitate the presentation of all evidence, however tangentially related, would render meaningless the rules of evidence. Thus, there is no basis for defendant's argument that the failure to produce the informant constituted a violation of his Sixth Amendment right to a jury trial.

Additionally, defendant has not shown that the presentation of testimony from the confidential informant would have affected the outcome of his trial. Defendant has not suggested that the confidential informant could testify regarding any relevant or material evidence, or that the confidential informant's testimony would have cast doubt on any element of any of the charged crimes. The evidence necessary to support defendant's convictions arose from the search of defendant's home, which the confidential informant had no part in. None of the evidence of guilt presented by the prosecution at trial was obtained from the confidential informant, who was never mentioned at trial. Given the overwhelming evidence of guilt, it is unlikely that the jury's knowledge of the extraneous involvement of a confidential informant would have affected their decision. Defendant has not demonstrated that any alleged error resulted in prejudice, and reversal is not warranted. See *Carines*, 460 Mich at 763.

## V. RIGHT TO PRESENT A DEFENSE

Next, defendant argues in his Standard 4 brief that the trial court's refusal to produce the confidential informant to testify at his trial deprived him of his constitutional right to present a defense. Again, we disagree.

Defendant failed to preserve this issue by raising it in the trial court. See *Unger*, 278 Mich App at 247. Unpreserved constitutional issues are reviewed for plain error affecting a defendant's substantial rights. *Carines*, 460 Mich at 763.

At the outset, it should be noted that defendant has provided no authority or argument in support of the proposition that a trial court's decision to maintain the confidentiality of a police informant deprives a defendant of his right to present a complete defense. Again, defendant's failure to fully brief the issue constitutes an abandonment of the claim. See *Kelly*, 231 Mich App at 640-641. Therefore, we need not address the merits of defendant's argument. However, we find defendant's argument to be without merit.

A defendant has the constitutional right to present evidence in his defense. *Unger*, 278 Mich App at 249. However, "[t]he right to present a defense is not absolute or unfettered." *People v Orlewicz*, 293 Mich App 96, 101; 809 NW2d 194 (2011). A defendant is entitled to present witnesses only if their testimony would be material and favorable to the defense. *Id*. at 101-102. This rule is reflected in the exception to the informer's privilege, mandating the prosecution's production of a confidential informant for an in camera hearing in any case where the defendant can demonstrate a possible need for that informant's testimony. See *Underwood*, 447 Mich at 706-707. In such a case, the trial court must weigh " 'the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors,' " to determine whether the informant's testimony could be relevant and helpful to the defense. *Henry (After Remand)*, 305 Mich App at 156.

Because defendant failed to demonstrate, in the lower court or on appeal, any possible need for the confidential informant's testimony, he cannot show that he was deprived of evidence necessary to support his defense. Defendant does not analyze the circumstances of the crime or the defenses available, or suggest that the confidential informant's testimony might be necessary to support an available defense. Indeed, defendant does not even attempt to argue that the confidential informant's testimony would be relevant to the charged offenses. To the contrary, the crimes for which defendant faced trial were all related to items discovered during the execution of a search warrant, which was obtained on the basis of personal observations by the officer in charge of the investigation, and not for any of the transactions involving the confidential informant. The confidential informant's statements were not relied upon to support the warrant or prove any element of the charged crimes. Because defendant has not shown that the informant's testimony would be material and favorable to the defense, defendant has not established that the court's refusal to require the informant's production constituted a denial of defendant's right to present a defense. See *Orlewicz*, 293 Mich App at 101-102. Moreover, without even a showing of relevance, defendant cannot establish the requisite prejudice for reversal.

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that he was deprived of his constitutional right to the effective assistance of counsel when defense counsel failed to object to (1) the trial court's denial of defendant's right of confrontation, (2) the invalidity of the search warrant, (3) the trial court's denial of defendant's right to a jury trial, and (4) the trial court's denial of defendant's right to present a defense. We disagree.

Defendant failed to preserve this issue by bringing a timely motion for a new trial or for a *Ginther*[4] hearing in the lower court. See *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). This Court's review of unpreserved ineffective assistance of counsel claims is limited to mistakes apparent on the record. *Id*. Whether a person has been denied effective assistance of counsel is a mixed question of law and fact. *Id*. "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id*. "To prove that defense counsel was not effective, the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012).

This Court has already concluded that each of defendant's claims of error related to the invalidity of the search warrant and the trial court's decision to deny defendant's request for production of the confidential informant fail. Defense counsel's failure to object on any of these related grounds was therefore objectively reasonable. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v*

---

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

*Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Further, defense counsel could not be considered ineffective for failing to object to the validity of the search warrant or requesting production of the confidential informant, as defense counsel did bring a motion for a *Franks* hearing, arguing that the search warrant was not supported by probable cause. Within the motion, defense counsel specifically demanded production of the confidential informant. The trial judge's decision to deny that motion does not negate the fact that defense counsel *did* raise the issues.

As previously discussed, neither the alleged "invalidities" of the search warrant nor the trial court's denial of defendant's request for production of the confidential informant likely had an effect on the outcome of defendant's trial. The officers' search of defendant's home was conducted in good-faith reliance on the validity of the search warrant, and any errors in the warrant affidavit would therefore not necessitate exclusion of the evidence found in defendant's home. The evidence found in defendant's home was sufficient to allow the jury to convict defendant on all of the charges, even without testimony regarding a confidential informant or allegations made by such an informant. There is nothing to show that the jury would not have found defendant guilty as charged had it considered testimony from the confidential informant, especially without any indication that the informant's testimony would have been relevant or helpful to the defense. Without a showing of prejudice, defendant's ineffective assistance of counsel claim fails.

## VII. SUFFICIENCY OF EVIDENCE

Finally, defendant argues that there was insufficient evidence to support his convictions of felon in possession of a firearm and felon in possession of ammunition. We disagree.

A challenge to the sufficiency of evidence is reviewed de novo, *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010), but "a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict," *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). This Court must review the evidence in a light most favorable to the prosecution and determine whether the trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).

In every criminal case, the prosecution is required to prove each element of every charged crime beyond a reasonable doubt. *People v Likine*, 492 Mich 367, 407; 823 NW2d 50 (2012). In this case, defendant was charged with one count of felon in possession of a firearm and one count of felon in possession of ammunition. For a conviction of felon in possession of a firearm, the prosecution must present evidence that defendant possessed a firearm, and that at the time defendant possessed a firearm, he was ineligible to do so as a result of a prior felony conviction. *People v Perkins*, 473 Mich 626, 630-632; 703 NW2d 448 (2005). The elements of felon in possession of ammunition are identical to the elements of felon in possession of a firearm, except that rather than prove defendant possessed a firearm, the prosecution is required to prove beyond a reasonable doubt that defendant possessed ammunition. MCL 750.224f. The parties may stipulate that the defendant has been convicted of a prior felony. *People v Green*, 228 Mich App 684, 691-692; 580 NW2d 444 (1998).

The parties stipulated that defendant had a prior felony conviction and was ineligible to possess a firearm under MCL 750.224f at the time of the charged crimes. Thus, for convictions of felon in possession of a firearm and felon in possession of ammunition, the prosecution was only required to prove to the jury that defendant possessed a firearm and ammunition. *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012). Possession, in the context of firearms, can be actual or constructive. *Id*. "The test for constructive possession is whether 'the totality of the circumstances indicates a sufficient nexus between defendant and the contraband.' " *Id*. at 91-92 (citation omitted). In other words, " '[a] person has constructive possession if there is proximity to the article together with indicia of control. Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant.' " *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011) (citation omitted). Our Supreme Court has noted that ownership of a firearm is not the same thing as possession. *People v Burgenmeyer*, 461 Mich 431, 438; 606 NW2d 645 (2000). "Possession can be established with circumstantial or direct evidence, and the ultimate question of possession is a factual inquiry to be answered by the jury." *People v Flick*, 487 Mich 1, 14; 790 NW2d 295 (2010) (citation and quotation marks omitted).

In the present case, the police did not find defendant in actual, physical possession of either a firearm or ammunition. However, there was sufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that defendant constructively possessed the firearm, which was located in his bedroom, and the ammunition, which was found in both the handgun and in his kitchen. First, there was sufficient evidence to show that defendant knew of the firearm and the ammunition. During his interview with Main, defendant admitted that he knew there was a loaded handgun on the shelf in his bedroom closet. Although there was no testimony directly indicating that defendant knew of the ammunition in his kitchen cabinet, it would be reasonable for the trier-of-fact to infer that defendant was aware of the contents of his own kitchen cabinets. Additionally, defendant's claim that the handgun, registered to Griffin, was not his, a fact later verified by Detective Main, makes no difference when the element necessary is "possession" and not "ownership." The prosecutor was not required to prove that defendant owned the handgun, the ammunition inside, or the ammunition in the kitchen, but was required only to prove that defendant possessed these objects. See *Burgenmeyer*, 461 Mich at 438. "Possession of a firearm may be sole or joint; thus dominion or control over the object need not be exclusive." *People v Strickland*, 293 Mich App 393, 400; 810 NW2d 660 (2011). Thus, neither Griffin's ownership nor concurrent possession of the handgun relieved defendant of liability. Finally, while the fact the handgun and ammunition were never sent for fingerprinting might tend to weaken an argument for actual possession, it has no bearing on the prosecutor's argument regarding defendant's constructive possession of the handgun and ammunition. Again, the prosecution was only required to present enough evidence to support a rational trier of fact's conclusion that defendant knew the handgun and ammunition were in his home, and the prosecution met its burden here.

Defendant argues that evidence presented at trial tends to prove that the residence at 1046 Cherrylawn is not his primary home, and that he could not possess the handgun or ammunition because he was "merely present" when the handgun and ammunition were found. Presumably, defendant refers to the two driver's licenses found in his vehicle, indicating a home address of 1058 Cherrylawn. But defendant's argument fails. Residence is not required for proof of

constructive possession. The question is whether defendant had knowledge of the handgun's location, not whether he lived where the firearm was found. In any case, the prosecution presented overwhelming evidence that defendant resided at the 1046 Cherrylawn residence, not the least of which was defendant's presence in the home, with his girlfriend and their children, in his boxers, at 8:45 a.m. The prosecution also presented various documents found within the home and garage bearing defendant's name and indicating a home address of 1046 Cherrylawn. It is worth noting that even defendant, in his brief on appeal, refers to the residence at 1046 Cherrylawn as "his home." Additionally, Detective Main explained at defendant's trial that he had observed defendant at the 1046 Cherrylawn address during his surveillance of defendant, and had never seen him enter or exit the residence at 1058 Cherrylawn. According to Detective Main, it is not uncommon for individuals engaged in the sale of drugs to provide an alternate address for something like a driver's license.

Further, there was sufficient evidence to support the jury's conclusion that defendant had reasonable access to the handgun and the ammunition. The handgun was found, loaded, on a shelf inside defendant's bedroom closet. Although the searching officer had to move aside a pile of clothes to reach the handgun, defendant admitted to Detective Main that he knew exactly where the loaded handgun was. Defendant was one of only two adults inside the home during the search that produced the handgun and ammunition, and although it was later discovered that the handgun was registered to Griffin, the other present adult, Griffin's ownership did not limit defendant's access to the firearm. Indeed, 20 seconds after the officers first breached defendant's home to perform their search, Detective Main found defendant standing between the foot of his bed and the open closet, less than 4 feet from the loaded handgun. Given the timing and defendant's state of undress, it would be reasonable to infer that defendant had recently left his bed and moved toward the closet in reaction to the disturbance in his home. He was within reaching distance of the loaded handgun when he was discovered.

The jury was properly instructed on the definition of constructive possession and is presumed to have considered and followed that instruction during deliberations. *People v Abraham*, 256 Mich App 265, 278-279; 662 NW2d 836 (2003). As previously noted, there was sufficient evidence presented at trial to support the jury's conclusion that defendant knew of the firearm and the box of ammunition, and that he had reasonable access to both. Sufficient evidence therefore supported the jury's conclusion that defendant's constructive possession of the firearm and ammunition had been proved beyond a reasonable doubt.

Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra